No. 48,807

STATE OF KANSAS, *Appellee*, v. CLARENCE WAYNE REEVES, *Appellant*.
(577 P.2d 1175)

Opinion filed May 6, 1978.

*James R. Roth*, of Wichita, argued the cause and was on the brief for the appellant.

*Harold T. Pickler*, assistant district attorney, argued the cause, and *Curt T. Schneider*, attorney general, *Vern Miller*, district attorney, and *Stephen M. Joseph*, assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal in a criminal action from a jury verdict which found Clarence Wayne Reeves (defendant-appellant) guilty of one count of aggravated robbery (K.S.A. 21-3427).

The appellant contends the trial court erred in allowing improper closing argument by the prosecutor; in allowing the state to introduce evidence of other crimes pursuant to K.S.A. 60-455; and in overruling his motion to suppress evidence obtained from a search of his trailer and automobile. He also challenges the sufficiency of the evidence to sustain his conviction.

On December 17, 1975, at approximately 7:00 p.m. an attempted robbery occurred at the Poor Boy Cafe and Lounge located on U.S. Highway 81 in Sumner County, Kansas. The robber was wearing a brown plaid coat, a dark hooded jacket underneath the coat, and dark pants. His face was covered by dark hosiery. He carried a 12-gauge sawed-off shotgun with a white string tied around both ends similar to a rifle sling. His attempts to rob the cafe were thwarted when a scuffle with the owners ensued. Witnesses testified the robber escaped in a small, light-colored foreign car which had a piece of cardboard in the window on the driver's side behind the driving position. The driver of the car was unidentified but two persons were seen in the vehicle as it fled. A description of the car was broadcast to the Sumner and Sedgwick County sheriff's departments.

Later that same evening at approximately 8:30 the Thomas Market of 5880 South Broadway in Wichita, Kansas, was robbed of $347.93 in cash and checks. Mrs. Judith Mattocks, a cashier, was alone in the store when the robbery occurred.

Mrs. Mattocks testified the robber was wearing brown jersey knit gloves, a blue hooded sweatshirt, a brown CPO-type coat and dark slacks. His face was covered with a stocking and he had what appeared to be a shotgun shell in his mouth. She described the robber's shotgun as sawed-off with brown wood on a single barrel. Following the robber's instructions she placed the money from the cash register in a number eight pound Georgia Pacific brown paper bag. After the robber left the store Mrs. Mattocks telephoned the Sedgwick County sheriff's department.

At 8:41 p.m. on the same evening Officer Bruce Beaudette of the Sedgwick County sheriff's department was informed by radio dispatch of the robbery at the Thomas Market. He was then only three blocks away from the market. As he drove south on Broadway Street, Officer Beaudette noticed a car pulling out of the Midway Baptist Church parking lot north of the Thomas Market. The car matched the description broadcast earlier of the get-away car from the Poor Boy Cafe and Lounge, with cardboard in the same window as previously indicated. At the trial Officer Beaudette identified photographs of the appellant's car as the same car leaving the church parking lot.

Detective Daniel E. Bardezbain of the sheriff's department located the car seen by Officer Beaudette in front of the appellant's trailer at 5935 South Broadway a few blocks from the Thomas Market. He requested assistance from other officers who arrived at the scene at approximately 9:05 p.m. Detective Joseph Noce who arrived at the scene testified the appellant and his codefendant Keith F. Kulper were arrested and searched at the 5935 South Broadway address. After advising the appellant he was investigating the Thomas Market robbery and the Sumner County attempted robbery, Detective Noce requested permission to search the appellant's trailer and car. The appellant replied, "I don't have anything to hide, I wasn't involved in the robberies, go ahead and search it." Detective Noce then touched the hood of the appellant's car and noted it was warm.

Thereafter officers from the sheriff's department searched the

car and trailer. A partial box of Federal brand shotgun shells with number eight size shot was found on the dashboard of the car. Numerous items were found inside the trailer including a sawed-off 12-gauge shotgun secreted in a false bottom of the couch, a brown plaid coat, brown gloves, dark blue panty hose pieces, a blue hooded sweatshirt, blue jeans, a number eight pound Georgia Pacific grocery bag, a wad of currency totaling $78 stuffed between a counter and wall in the bathroom and three other wads of currency totaling $133 stuffed in the heating vent in the living room.

The only charge filed in Sedgwick County concerned the aggravated robbery of the Thomas Market.

Prior to the commencement of his trial the appellant's motions to suppress evidence and to limit the admission of any evidence of the attempted robbery of the Poor Boy Cafe and Lounge were overruled. The jury found both the appellant and Keith Kulper, tried jointly, guilty of the aggravated robbery of the Thomas Market. The appellant's motion for a new trial was denied and his appeal has been duly perfected.

The appellant contends reversible error was committed during closing argument when the prosecuting attorney commented upon the appellant's failure to testify.

During the closing argument of Mr. Taylor Neuschwander, counsel for the appellant's codefendant Kulper, the following statement was made:

". . . I want to thank you for your time and for your attention that I noticed you paid to the evidence as it has come in, and *I think we do need to make some sort of explanation to you as to why Mr. Kulper is not testifying in this matter.* I am sure that raises some questions in your mind. Well, you will recall from the Court's instruction No. 5 that the law places the burden of proof upon the State to prove that the defendant is guilty. And the law does not require that the defendant prove his innocence. Accordingly you must assume that the defendant is innocent unless you are convinced from all of the evidence in this case that he is guilty and you should examine and evaluate the evidence admitted in this case and determine the innocence or guilt of the defendant entirely in accordance with these instructions. And the test you have got to use in this concern is whether or not Mr. Kulper is guilty as charged is if you have a reasonable doubt as to the claims made by the State you should find the defendant not guilty. And you were also instructed that you should not consider the fact the defendant did not testify in arriving at your verdict in this case. *Well, the reason Mr. Kulper did not testify in this case is that the State has failed to establish beyond a reasonable doubt all of the elements they have to establish in order for you to find Mr. Kulper guilty of the crime of which he is charged.* . . ." (Emphasis added.)

The prosecutor for the state, Mr. James Rumsey, subsequently responded:

"MR. RUMSEY: If it please the Court, Mr. Roth and Mr. Neuschwander. Everyone of you jurors promised that you would follow the instructions in this case. And the eighth instruction says: 'You should not consider the fact that the defendants did not testify in arriving at your verdict.' And first Mr. Neuschwander asks you to consider the fact why they didn't. The constitution under the Fifth Amendment guarantees the right to even not incriminate oneself in a criminal proceeding. *You can judge for yourself if that thing should or ought to be considered in your deliberations. I am not supposed to comment on that. I can't comment on it.*

"MR. ROTH: Your Honor,—

"THE COURT: Mr. Rumsey, please, then don't do so.

"MR. RUMSEY: Your Honor, I thought I would invite comment by Mr. Neuschwander.

"THE COURT: The jury is instructed to disregard those remarks." (Emphasis added.)

It is now axiomatic that the prosecutor in a criminal case may not comment upon an accused's failure to testify. (See *Griffin v. California,* 380 U.S. 609, 14 L.Ed.2d 106, 85 S.Ct. 1229 [1965]; *State v. Wilson & Wentworth,* 221 Kan. 359, 365, 559 P.2d 374 [1977]; and *State v. Johnson,* 219 Kan. 847, Syl. 2, 549 P.2d 1370 [1976].)

In addition Kansas codifies this law by statute. K.S.A. 60-439 makes comment by the court or counsel impermissible when the defendant exercises his privilege not to testify. (*State v. Perry,* 223 Kan. 230, 235, 573 P.2d 989 [1977].)

Here, Mr. Rumsey's statement was definitely a comment upon the appellant's failure to testify and was improper. In effect, he told the jurors to disregard the instruction given by the trial court and *judge for themselves what to consider in their deliberations.* This he cannot do.

The Supreme Court of the United States has declined to hold that a violation of the *Griffin* rule is prejudicial per se. In other words, a violation does not automatically constitute reversible error. (See *Chapman v. California,* 386 U.S. 18, 17 L.Ed.2d 705, 87 S.Ct. 824 [1967].) Therefore, our court must determine whether the prosecutor's remark constitutes reversible error in this case.

Generally, a defendant's right to complain of error in closing argument is precluded when the error is invited or provoked by statements made by the defendant or his counsel. (*State v. Clark,*

222 Kan. 65, Syl. 9, 563 P.2d 1028 [1977]; and Annot., 24 A.L.R.3d 1093, 1120 [1969].) The situation presented here is unique, however, because Mr. Rumsey was responding to remarks made by counsel for the appellant's codefendant. Thus, neither the appellant nor his counsel invited the error. We hold the prosecutor's statements in this case focused attention on the appellant's failure to testify and were so prejudicial as to be incurable.

Other points asserted by the appellant have been reviewed and are found to have insufficient merit to warrant extended discussion.

Accordingly, the judgment of the lower court is reversed and the case is remanded for a new trial.