No. 53,476

STATE OF KANSAS, *Appellee*, v. DAVID W. DOUGLAS, *Appellant*.

(640 P.2d 1259)

Opinion filed February 27, 1982.

*Randy Troutt*, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, argued the cause and was on the brief for the appellant.

*Jack Peggs*, assistant district attorney, argued the cause, and *Robert T. Stephan*, attorney general, and *Clark V. Owens*, district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is a criminal action in which David W. Douglas (defendant-appellant) appeals a jury verdict finding him guilty of aggravated robbery (K.S.A. 21-3427).

On January 8, 1981, a lone bandit entered the Klepper Oil Station on McLean Boulevard in Wichita, Kansas, around 3:30 in the afternoon and at gunpoint took the cash register receipts as well as the reserve cash from the attendant on duty. Within minutes, the attendant, Juanita Smith, reported the robber's description to the police dispatcher who alerted a nearby patrol unit. Officers began checking bars in the area and located a suspect who fit the general description radioed by the dispatcher. David W. Douglas, the suspect, agreed to go with the officers who took him back to the gas station where Juanita Smith made a positive identification. This transpired within fifteen minutes of the robbery. At trial, Ms. Smith again identified the defendant as the man who robbed her.

A jury convicted Douglas of aggravated robbery. He appeals,

contending essentially that discrepancies in the attendant's description render the State's evidence insufficient as a matter of law to convict him of the crime charged.

In his brief on appeal, the defendant reviews established principles of law relating to appellate review of criminal convictions, among them the following: Fundamentally, the Due Process Clause of the Fourteenth Amendment requires proof beyond a reasonable doubt of each element of the crime charged. *In re Winship,* 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1068 (1970). In *Jackson v. Virginia,* 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781, *reh. denied* 444 U.S. 890 (1979), the United States Supreme Court reiterated the importance of the standard enunciated in *Winship* and stated the factfinder must "rationally apply that standard to the facts in evidence." 443 U.S. at 317. On review, it is the function of the appellate court to determine whether the evidence is sufficient to support a finding of guilt beyond a reasonable doubt. 443 U.S. at 318. With these principles, this court has long been in accord.

Defendant then presses for a definition of reasonable doubt. While we have found no error in instructions defining "reasonable doubt" and have discussed that concept in various contexts (see, *e.g., State v. Holloway,* 219 Kan. 245, 251, 547 P.2d 741 [1976] and cases cited therein), we adhere to the position long-established in Kansas jurisprudence that no definition could make the concept of "reasonable doubt" any clearer than the words themselves. *State v. Larkin,* 209 Kan. 660, 662, 498 P.2d 37 (1972); *State v. Davis,* 48 Kan. 1, 10, 28 Pac. 1092 (1892); *State v. Bridges,* 29 Kan. 138, 141 (1882).

When the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The standard is often-quoted. See, *e.g., State v. Salem,* 230 Kan. 341, 348, 634 P.2d 1109 (1981); *State v. Carr,* 230 Kan. 322, 326, 634 P.2d 1104 (1981); *State v. Everson,* 229 Kan. 540, 542, 626 P.2d 1189 (1981); *State v. Garnes,* 229 Kan. 368, 371, 624 P.2d 448 (1981). As stated in *Jackson v. Virginia,* the inquiry is not whether the court *itself* believes the evidence establishes guilt beyond a reasonable doubt but rather whether the court believes

*any* rational trier of fact could have found guilt beyond a reasonable doubt. 443 U.S. at 318-19.

Defendant's attack on the sufficiency of the evidence focuses on discrepancies in the victim's description of the robber. Ms. Smith testified at trial that the robber wore a shirt about the same color as her car, had two bloodshot eyes, and exhibited no facial hair. The defendant introduced into evidence a photograph of Ms. Smith's car, showing it to be a lighter shade of blue than the shirt. He elicited testimony from one of the arresting officers that only one of the defendant's eyes was bloodshot and that the defendant had a slight mustache, although not very noticeable. The defendant further states Ms. Smith originally described him as 5'3" in height; whereas, he actually stands 5'7".

While discrepancies do exist, they are minor and we note the victim, Juanita Smith, made two positive identifications of the defendant, once fifteen minutes after the robbery occurred and again at trial. The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of the charge are sustained. *State v. Racey,* 225 Kan. 404, 407, 590 P.2d 1064 (1979). It is not the function of the appellate court to reweigh the evidence or to pass upon the credibility of witnesses. *State v. Fenton,* 228 Kan. 658, 666, 620 P.2d 813 (1980); *State v. Henderson,* 226 Kan. 726, 731, 603 P.2d 613 (1979). Based upon the evidence presented at trial, a rational factfinder could have found the defendant guilty beyond a reasonable doubt.

The decision of the lower court is affirmed.