No. 54,075

STATE OF KANSAS, *Appellee,* v. LARRY H. CARTER, *Appellant.*

(652 P.2d 694)

Opinion filed October 22, 1982.

*Carl Wagner,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for appellee.

*Michael B. Roach,* of Wichita, argued the cause and was on the brief for appellant.

The opinion of the court was delivered by

MCFARLAND, J.: Larry H. Carter appeals his jury trial conviction of kidnapping (K.S.A. 21-3420) and burglary (K.S.A. 21-3715).

For his first issue, defendant contends the trial court erred in refusing to instruct on unlawful restraint (K.S.A. 21-3424) as a lesser included offense of the kidnapping charge. Of necessity, the relevant facts must be set forth in some detail.

Cynthia S., the victim herein, had known the defendant about a year prior to the events herein. She visited him in the Kansas State Penitentiary several times. The defendant was released by state authorities and arrived in Wichita on Monday, June 15, 1981. Defendant and victim spent the night together at the Western Trails Motel. They spent the following night at Cynthia's apartment. Cynthia was becoming disenchanted with the defendant, and she spent Wednesday and Thursday nights in Independence, Kansas, in order to be alone. Defendant remained in her residence. On Friday she returned to Wichita, ordered defendant to

leave, and recovered her door key from defendant. Defendant left the premises and Friday night was uneventful.

When Cynthia and Rhonda Herron, her roommate, returned home in the early morning hours of Sunday, June 21, 1981, they observed their home had been forcibly entered. Before they could leave the area, defendant ran from the residence and dragged Rhonda out of the automobile. Defendant then drove the car away with Cynthia in the passenger seat. Cynthia told defendant he was too drunk to drive, so defendant permitted Cynthia to drive. Defendant's stated purpose was to find a motel and have sexual intercourse with the victim. They passed numerous motels with "No Vacancy" signs. They finally ended up back at the Western Trails where defendant pounded on the door demanding a room. It too had no vacancy and the quest was continued. Ultimately, the car was stopped by police officers and the incident ended.

The victim, in her testimony, characterized the defendant as being irrational, out of his mind and having no common sense—all as a result of ingestion of drugs and alcohol. She expressed concern for the safety of defendant, herself, and a police officer who initially stopped the car. She referred to defendant's relationship with her as one of "love-hate." Defendant was armed with a screwdriver. During the long drive, defendant frequently fondled and reviled the victim.

Did the trial court, under these circumstances, err in refusing to instruct on unlawful restraint as a lesser included offense? We believe it did.

K.S.A. 21-3107(3) provides:

"(3) In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

In *State v. Staab,* 230 Kan. 329, 339, 635 P.2d 257 (1981), this statutory duty is discussed as follows:

"The rule is well established that the duty to instruct on lesser included crimes arises only when there is evidence under which the defendant might have reasonably been convicted of the lesser offense. *State v. Everson,* 229 Kan. 540, 542, 626 P.2d 1189 (1981); *State v. Prince,* 227 Kan. 137, Syl. ¶ 1, 605 P.2d 563 (1980); *State v. Sullivan & Sullivan,* 224 Kan. 110, 120, 578 P.2d 1108 (1978); *State v. Seelke,* 221 Kan. 672, 675, 561 P.2d 869 (1977); *State v. Gregory,* 218 Kan. 180, 183, 542 P.2d 1051 (1975). Thus, if the evidence offered excludes a theory of guilt on a lesser included offense, the instruction need not be given. See *State v.*

*Cates,* 223 Kan. 724, 576 P.2d 657 (1978). *State v. McDermott,* 202 Kan. 399, 449 P.2d 545, *cert. denied* 396 U.S. 912 (1969). The evidence supporting the lesser crime, however, need not be overwhelming. The instruction should be given even if the evidence is weak and inconclusive or consists solely of defendant's testimony. *State v. Sullivan & Sullivan,* 224 Kan. at 120; *State v. Seelke,* 221 Kan. at 676. These rules are designed to give the defendant the 'right to have the court instruct the jury in the law applicable to his contention . . . To refuse so to instruct the jury would be to invade its province in the trial of a case.' Thus if there is 'any substantial evidence tending to prove an inferior degree of the offense', the instruction must be given. *State v. Buffington,* 66 Kan. 706, 709-10, 72 Pac. 213 (1903); *State v. Clark,* 214 Kan. 293, 521 P.2d 298 (1974)."

The defendant was charged and convicted of kidnapping as defined by K.S.A. 21-3420:

"21-3420. **Kidnapping.** Kidnapping is the taking or confining of any person, accomplished by force, threat or deception, with the intent to hold such person:

. . . .

"(c) To inflict bodily injury or to terrorize the victim or another;"

Unlawful restraint is defined in K.S.A. 21-3424(1):

"21-3424. **Unlawful restraint.** (1) Unlawful restraint is knowingly and without legal authority restraining another so as to interfere substantially with his liberty."

The jury was instructed on PIK Crim. 54.12 relative to voluntary alcohol or drug induced intoxication.

The trial court prepared an instruction on unlawful restraint but withdrew it after the prosecution argued *State v. Dunn,* 223 Kan. 545, 575 P.2d 530 (1978), established that unlawful restraint was not a lesser included offense of kidnapping. In *Dunn* this Court held:

"[T]here was not sufficient evidence introduced at the trial to raise a legitimate factual issue as to whether defendant had the capacity to form the requisite specific intent so as to require an instruction on unlawful restraint." 223 Kan. at 548.

The trial court erred in concluding, based on *Dunn,* that unlawful restraint was not, as a matter of law, a lesser included offense of kidnapping. *Dunn* only held that the evidence was insufficient in the *Dunn* trial to require such an instruction.

Defendant did not testify at trial. The victim's own testimony, however, raises a legitimate factual issue as to whether defendant had the capacity to form the specific intent requisite for kidnapping. Accordingly, we conclude the trial court erred in failing to instruct on the lesser included offense of unlawful restraint. The

kidnapping conviction therefore must be reversed and remanded for new trial.

For his second issue, defendant challenges the sufficiency of the evidence supporting both convictions.

We have previously discussed some of the evidence relative to the kidnapping conviction. While it appears there was sufficient evidence to support the kidnapping conviction, we do not reach this point by virtue of having reversed the conviction for failure to give the required lesser included offense instruction.

We turn our attention to the burglary conviction. Entry to the home was accomplished by breaking out a window. The house had been ransacked. Two items were missing and a third item had been moved from its customary position, arguably preparatory to asportation. Defendant was interrupted in his activities by the arrival of the home's two residents. One of the missing items was found in defendant's automobile.

Burglary is defined by K.S.A. 21-3715 as follows:

"21-3715. **Burglary.** Burglary is knowingly and without authority entering into or remaining within any building  .  .  .  with intent to commit a felony or theft therein."

In *State v. Douglas,* 230 Kan. 744, Syl. ¶ 2, 640 P.2d 1259 (1982), the well-established applicable rule for judicial review was stated as follows:

"[In a criminal action,] [w]hen the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt."

We note the jury was instructed on criminal trespass (K.S.A. 21-3721) as a lesser included offense. We conclude there was ample evidence to support the burglary conviction under the test enunciated in *Douglas.*

The burglary conviction is affirmed. The kidnapping conviction is reversed and remanded for new trial.

FROMME, J., not participating.