(676 P.2d 159)
No. 55,367

STATE OF KANSAS, *Appellee,* v. DARYL L. WILKINS, *Appellant.*

Opinion filed February 16, 1984.

*David M. Bryan,* of Wichita, for the appellant.

*James D. Hall,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., REES and PARKS, JJ.

FOTH, C.J.: Daryl L. Wilkins appeals his jury conviction of felony theft. The State alleged that on August 31, 1982, the defendant and two others stole a lawn edger and a gasoline can from a park in the City of Wichita.

He contends there was insufficient evidence to convict at trial. Defendant testified that at the time of the theft he was very drunk, had fallen asleep in the back of his car, and knew nothing of the theft. The car was driven by Ken Kelley who testified that it had been the third man, Leroy Thomas, who actually got out of the car and took the lawn edger and gas can.

On the other hand, an eyewitness testified that the person who took the gas can got into the back seat of a black Cadillac with a smashed fender and that there were two other men in the front seat. An officer testified that shortly thereafter he stopped a similar black Cadillac near the park where the theft occurred. When he stopped the car the defendant was in the back seat and a gas can and lawn edger were there with him. There were two others in the front seat. The items were identified as those taken from the park.

In a criminal action, when the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court looks only to the

evidence in favor of the verdict to determine if the essential elements of the charge are sustained. *State v. Rodriquez,* 8 Kan. App. 2d 353, 357, 657 P.2d 79, *rev. denied* 233 Kan. 1093 (1983), citing *State v. Douglas,* 230 Kan. 744, Syl. ¶¶ 2, 3, 640 P.2d 1259 (1982).

Here there was substantial competent evidence that the defendant took the equipment in question.

Defendant's other argument is that the trial court improperly admitted testimony of Ellen Green, coordinator of the Sedgwick County diversion program. Ms. Green testified on rebuttal that Kelley, the driver, had told her in his diversion conference that defendant had gotten out of the car and taken the gas can and edger. This contradicted Kelley's testimony that Thomas had been the actual thief.

Defendant claims Kelley's communication to Ms. Green was inadmissible under K.S.A. 1983 Supp. 22-2910:

"No defendant shall be required to enter any plea to a criminal charge as a condition for diversion. *No statements made by the defendant or counsel in any diversion conference or in any other discussion of a proposed diversion agreement shall be admissible as evidence in criminal proceedings on crimes charged or facts alleged in the complaint.* Except for sentencing proceedings and as otherwise provided in subsection (c) of K.S.A. 22-2909 and amendments thereto and as otherwise provided in K.S.A. 8-285 and 8-1567 and amendments to these sections, the following shall not be admissible as evidence in criminal proceedings which are resumed under K.S.A. 22-2911: (1) Participation in a diversion program; (2) the facts of such participation; or (3) the diversion agreement entered into." Emphasis added.

This position is faulty for two reasons. First, the apparent purpose of the statute is to protect the participant in a diversion program from the State's use of his statements *against him* at *his* trial. The idea is to encourage the defendant to be truthful with the diversion program workers so that a meaningful program may be designed to ensure the offender's future compliance with the law. There would be no reasonable purpose in granting protection against one defendant's statement to another defendant charged in the same complaint.

The second reason · is even more compelling and was the ground relied upon by the trial court: if the statute is regarded as creating a "privilege" the defendant had no standing to invoke the privilege, which was held by Kelley. This principle is consistent with each of our statutes dealing with privileged com-

munications; it is the communicant who holds the privilege. K.S.A. 60-426(*a*) (lawyer-client privilege: client has privilege); 60-427(*a*)(3) (physician-patient privilege: patient is the "holder of the privilege"; *State v. Humphrey*, 217 Kan. 352, 363, 537 P.2d 155 [1975]: physician may not claim the privilege); 60-428(*a*) (marital privilege: spouse who transmitted the information has the privilege); 60-429(*b*)(3) (penitential privilege: penitent is the claimant of privilege unless minister makes claim on behalf of an absent penitent).

As stated in 81 Am. Jur. 2d, Witnesses § 144:

"As a general rule, a privilege as to confidential communications may be invoked only by the person protected or someone in his behalf. It cannot, for instance, be claimed by other persons on trial for crime. Thus, it has been generally held that the privilege of communication between physician and patient may not be invoked by one accused of crime as to information respecting the condition of his deceased victim. Similarly, the defendant in a criminal case is not entitled to invoke for his own benefit the attorney and client privilege which may exist between other persons connected with the trial as witnesses, or otherwise, and the attorney or attorneys of such persons. The right of a codefendant in a civil case to invoke the privilege of nondisclosure of confidential communications belonging to another defendant has been denied, and a defendant in a criminal case is not ordinarily entitled to a new trial because privileged, though material, testimony of a witness who was not a party has been admitted in evidence."

We hold that the provisions of K.S.A. 1983 Supp. 22-2910, making statements of a criminal defendant or defense counsel during a diversion conference inadmissible in a subsequent trial may only be invoked by that defendant and not by a codefendant, even though both are charged in the same complaint.

Affirmed.