350

(720 P.2d 673)

No. 58,529

STATE OF KANSAS, *Appellee*, v. ROBERT A. JAGGER, *Appellant*.

Opinion filed June 26, 1986.

*Michael G. Christensen* and *Linda C. McMaster*, assistant public defenders, of Wichita, for appellant.

*Elizabeth Harlenske*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before MEYER, P.J., DAVIS, J., and C. FRED LORENTZ, District Judge, assigned.

MEYER, J.: The appellant Robert A. Jagger (defendant) appeals his conviction of felony criminal damage to property. K.S.A. 1985 Supp. 21-3720(1)(a). His issues are: (1) that the court erred in declining to instruct on misdemeanor criminal damage to property, (2) that the evidence was insufficient to support his conviction, and (3) that the court erred in denying him a new trial based on prosecutorial misconduct.

Defendant's contention that the jury should have been instructed on misdemeanor criminal damage to property is based on the fact that the value of the plate glass window he broke was only $73.20, and that he is thus guilty, at most, of a misdemeanor, even though the cost of replacing the window was $355.56. There is no merit to this issue. Defendant is clearly responsible for the damage he did, and there was specific evidence that the damage, in fact, totalled $355.56.

Defendant next contends the evidence was insufficient to

sustain his conviction. The evidence to convict defendant was clearly sufficient, but since we reverse the trial court for other reasons we will not recite such evidence herein.

Defendant's final issue is his contention the trial court should have granted him a new trial because of prosecutorial misconduct. While the extent of prosecutorial misconduct herein is not great, we do feel it is sufficient to necessitate a new trial for defendant. The complained-of comments, made in the prosecutor's closing argument, are as follows:

> "That I think is the only point that is still in issue in this case, the defendant's intention. We had no direct testimony about Mr. Jagger's intention. Mr. Jagger is the only person who really knows of his own experience what his intention was.
>
> "Therefore, you are left with having to decide for yourself what his intention was on the basis of his actions and his statements to other people.
>
> "The instructions that you have been read tell you how you can make that decision and what you can consider. I ask you to consider those instructions carefully in making up your mind on this point because you have no direct testimony from the intender as to his intentions."

Defendant's trial counsel objected to the statements, but the trial court stated in front of the jury that the comments were proper and did not admonish the jury to disregard the statements.

The rules regarding prosecutorial comment on the defendant's failure to testify are well established in Kansas. The general rule is that comment by the prosecutor upon the defendant's failure to testify violates the defendant's constitutional right against self-incrimination. *State v. Henderson,* 226 Kan. 726, 735-36, 603 P.2d 613 (1979), citing *Griffin v. California,* 380 U.S. 609. 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965). Kansas has codified this rule in K.S.A. 60-439, which prohibits comment by the prosecutor and the court on a defendant's privilege not to testify. Mere comment, however, is not a per se constitutional violation requiring reversal. Only error which fails to meet the federal standard of harmless error, defined as belief beyond a reasonable doubt that the error did not contribute to the verdict, requires reversal. *State v. Knapp,* 234 Kan. 170, Syl. ¶ 7, 671 P.2d 520 (1983). Thus, if there is a reasonable doubt as to whether the comment contributed to the verdict, the conviction should be reversed.

Although the above-mentioned rules are well defined, their application is more difficult.

To facilitate the determination of whether a prosecutor's comments are harmless error, Kansas appellate courts consider the

nature and extent of the comment in comparison with the strength of the evidence of the defendant's guilt, and further consider whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the defendant to testify. *Henderson*, 226 Kan. at 736; accord *State v. Ponds*, 227 Kan. 627, Syl. ¶ 4, 608 P.2d 946 (1980).

In this case, we cannot say the prosecutor's comments were harmless error. The statements were direct and unequivocal comments on the defendant's failure to testify. The prosecutor expressly stated "[w]e had no direct testimony about Mr. Jagger's intention. Mr. Jagger is the only person who really knows of his own experience what his intention was." Shortly after this comment, the prosecutor further told the jury "you have no direct testimony from the intender as to his intentions."

We do not conclude that the prosecutor's remarks in this case were "manifestly intended" which, according to some of our cases, would make them more reprehensible. However, as indicated, the comments as to defendant's failure to testify were repeated. Furthermore, defendant's intention in the instant case was crucial because of his statements, made during the investigatory stage of this case, that he did not intend to break the glass, but struck it only in frustration following a quarrel with his girlfriend.

Because of the foregoing, the trial court is reversed and this case is remanded with instructions that defendant be granted a new trial.