(787 P.2d 300)

No. 63,753

STATE OF KANSAS, *Appellee*, v. KIM EARL RUPERT, *Appellant.*

Opinion filed February 23, 1990.

*Thomas Jacquinot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Brenda Gillette*, assistant county attorney, *Ellen Mitchell*, assistant county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before LEWIS, P.J., BRISCOE and ELLIOTT, JJ.

LEWIS, J: This appeal is from the jury conviction of the defendant/appellant of the crime of nonsupport of a child as defined by K.S.A. 1989 Supp. 21-3605.

The appellant contends that his conviction should be reversed because the jury was permitted to find one of the essential elements of the crime, the element of parentage, by a preponderance of the evidence instead of beyond a reasonable doubt. We agree with the contentions of the appellant in this regard and reverse his conviction and remand for a new trial.

The crime of which appellant was convicted is defined by K.S.A. 1989 Supp. 21-3605, which states in pertinent part:

"(1)(a) Nonsupport of a child is a parent's failure, neglect or refusal without lawful excuse to provide for the support and maintenance of the parent's child in necessitous circumstances.

"(b) As used in this section, 'child' means a child under the age of 18 years and includes an adopted child or a child born out of wedlock whose parentage has been judicially determined or has been acknowledged in writing by the person to be charged with the support of such child.

"(c) At any time before the trial, upon petition and notice, the court may enter such temporary order as may seem just providing for support of such child, and may punish for violation of such order as for contempt.

. . . .

"(e) If the court is satisfied by due proof that, at any time during the period while the obligation to support continues, the defendant has violated the terms of such order, the court may forthwith proceed with the trial of the defendant under the original charge, or sentence the defendant under the original conviction, or enforce the suspended sentence as the case may be.

"(f) *A preponderance of the evidence shall be sufficient to prove that the defendant is the father or mother of such child.* In no prosecution under this act shall any existing statute or rule of law prohibiting the disclosure of confidential communications between husband and wife apply, and both husband and wife shall be competent witnesses to testify against each other to any and all relevant matters, including the parentage of such child. Proof of the nonsupport of such child in necessitous circumstances or neglect or refusal to provide for the support and maintenance of such child shall be prima facie evidence that such neglect or refusal is willful.

"(g) Nonsupport of a child is a class E felony." (Emphasis added.)

It is the principal argument of the appellant that, to the extent the statute permits proof of an essential element of the crime by less than the standard of "proof beyond a reasonable doubt," it is unconstitutional and his conviction must be reversed.

It is a cornerstone of constitutional protections afforded to criminal defendants in this state and in these United States that their guilt must be proven "beyond a reasonable doubt." Any instruction to a jury that proof of a defendant's guilt may be established by a lesser burden of proof is constitutionally flawed and will not support a criminal conviction. The Kansas Supreme Court in *State v. Douglas*, 230 Kan. 744, Syl. ¶ 1, 640 P.2d 1259 (1982), stated: "The Due Process Clause of the Fourteenth Amendment requires that the factfinder *rationally* find proof beyond a reasonable doubt of each element of the crime charged. Following *Jackson v. Virginia*, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)."

Later, in *State v. Flinchpaugh*, 232 Kan. 831, 835, 659 P.2d 208 (1983), our Supreme Court stated:

"In a criminal prosecution, the defendant must be proven guilty beyond a reasonable doubt of each element of the crime charged. Fourteenth Amendment of the United States Constitution; *In re Winship*, 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *State v. Douglas*, 230 Kan. 744, 640 P.2d 1259 (1982)."

The United States Supreme Court, in *Jackson v. Virginia*, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979), explained the basis behind the decision of *In re Winship* as follows:

"In *Winship*, the Court held for the first time that the Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' 397 U.S., at 364. In so holding, the Court emphasized that proof beyond a reasonable doubt has traditionally been regarded as the decisive difference between criminal culpability and civil liability. *Id.*, at 358-362. [Citations omitted.] The standard of proof beyond a reasonable doubt, said the Court, 'plays a vital role in the American scheme of criminal procedure,' because it operates to give 'concrete substance' to the presumption of innocence, to ensure against unjust convictions, and to reduce the risk of factual error in a criminal proceeding. 397 U.S., at 363. At the same time, by impressing upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused, the standard symbolizes the significance that our society attaches to the criminal sanction and thus to liberty itself. *Id.*, at 372 (Harlan, J., concurring).

"The constitutional standard recognized in the *Winship* case was expressly phrased as one that protects an accused against a conviction except on '*proof* beyond a reasonable doubt . . . .' In subsequent cases discussing the reasonable-doubt standard, we have never departed from this definition of the rule or from the *Winship* understanding of the central purposes it serves.

[Citations omitted.] In short, *Winship* presupposes as an essential [element] of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." 443 U.S. at 315-16.

Tested by the constitutional principles enunciated by our Supreme Court and the United States Supreme Court as set forth above, it is clear that, in the instant matter, the conviction of the defendant violates his due process rights and must be reversed.

The trial court instructed the jury in the instant matter as follows:

"No. 2

"The defendant is charged with the crime of nonsupport of a child. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1. That the defendant was an adoptive parent of Christopher John Rupert who was under the age of eighteen years.

"2. That the defendant willfully and without just cause failed, neglected or refused to provide for the support and maintenance of Christopher John Rupert who was then in necessitous circumstances; and

"3. That this act occurred on or about the 28th day of May, 1986 and continuously thereafter, in Saline County, Kansas.

"As used in this instruction 'necessitous circumstances' mean needing the necessaries of life, which cover not only basic physical needs, things absolutely indispensable to human existence and decency, but those things also which are in fact necessary to the particular person left without support. *To establish parentage it is only necessary that you be satisfied that the fact of parentage is more probably true than not true. Proof beyond a 'reasonable doubt' as set forth in Instruction No. 3 herein does not apply to the issue of parentage."* (Emphasis added.)

It is obvious from reading the above instruction that the jury was instructed that there were three elements of the crime that must be proven, but that one of these elements, the element of parentage, need not be proven beyond a reasonable doubt. A conviction based on such an instruction cannot stand, inasmuch as it violates the Fourteenth Amendment rights of a defendant, and it must be set aside.

In this case, the State introduced uncontroverted evidence that appellant had adopted Christopher John Rupert. Based upon this evidence, the State argues that the proof of parentage in the

instant matter was clear and beyond any doubt and, as a result, the instruction was harmless error. We do not agree. We are dealing with the defendant's constitutional rights in this case and we do not believe that an instruction, which on its face violates the defendant's constitutional rights, could be, under any circumstances, considered harmless error.

We hold that, in a prosecution under K.S.A. 1989 Supp. 21-3605 for nonsupport of a child, paternity is an essential element of the crime charged and that it must be proven beyond a reasonable doubt. It follows, therefore, that the trial court committed reversible error in instructing the jury that paternity need be established only by evidence that is more probably true than not true.

In reaching this decision, we have been influenced by the decision of the Supreme Court of Appeals of West Virginia in *State v. Clay*, 160 W. Va. 651, 236 S.E.2d 230 (1977), wherein that court confronted a situation similar to the one at hand and took the position which is adopted by this court in the instant matter.

In concert with that West Virginia decision, we further hold that any application of K.S.A. 1989 Supp. 21-3605, relating to the proof of paternity, which permits proof of an essential element of the crime by any standard other than beyond a reasonable doubt is constitutionally impermissible.

The appellant has raised other issues concerning his conviction which we find to be without merit. We state this fact even though it is not necessary that we consider other issues of reversible error raised by the appellant in light of our decision on the issue concerning burden of proof.

As a result of our decision in this matter, we reverse the conviction of appellant and remand the matter for a new trial to be conducted in a manner consistent with this decision.

Reversed and remanded.