No. 62,239

State of Kansas, *Appellee*, v. James N. White, *Appellant*.

(789 P.2d 1175)

Modification of opinion, filed April 13, 1990. (For original opinion, see *State v. White*, 246 Kan. 28, 785 P.2d 950 [1990].)

The opinion of the court was delivered by

Miller, C.J.: Defendant James White was convicted by a jury in Shawnee District Court of first-degree felony murder and conspiracy to commit first-degree murder. His conviction was affirmed in our original opinion, filed January 19, 1990. *State v. White*, 246 Kan. 28, 785 P.2d 950 (1990). On January 29, 1990, defendant timely filed a motion for rehearing or modification pursuant to Supreme Court Rule 7.06 (1989 Kan. Ct. R. Annot. 36).

Two tape recordings of statements made by the defendant were crucial but neither tape was before this court at the time we reviewed the record in this case. Our original opinion states that neither tape was made part of the record on appeal, and we had no opportunity to review them. We repeated our familiar rule: "The appellant has the burden of furnishing a record on appeal which affirmatively shows that prejudicial error occurred in the trial court." 246 Kan. at 37.

The appellant, in the motion for rehearing or modification, points out that counsel for defendant complied with the rules of this court and of the Third Judicial District in requesting that both tapes be made a part of the record on appeal. Not only was the request filed with the clerk of the district court, but a copy thereof was served on the court reporter who had custody of the tapes. A revised table of contents of the record was furnished to counsel; it indicated the tapes were included. Unfortunately, the reporter and clerk failed to transmit the tapes to this court. The fault lies not with appellate counsel but with the court officials to whom the preparation of the record is entrusted. A careful

review of the district court records substantiates counsel's assertions.

Since the motion for rehearing or modification was filed, we have ordered, received, and carefully reviewed the tape recordings, consisting of a total of four microcassette tapes recorded on both sides. Two of the tapes are recordings of the statement taken from White by the Arizona officers and two are recordings of the statement taken by the Kansas officers. The Arizona statement, by itself, is a complete confession of the offenses committed. The Kansas statement, taken by officers who were more familiar with the background facts, goes into more detail but is for the most part repetitious of the Arizona statement. As we noted in the original opinion, "The Arizona statement and the other evidence properly admitted at trial, including the testimony of many witnesses, establish an overwhelming case against the defendant." 246 Kan. at 37.

We therefore conclude, as we did in the original opinion, that the error in admitting the Kansas statement into evidence was harmless beyond a reasonable doubt.

The appellant's motion for rehearing is denied. We affirm our original opinion, with the exception of that part of the opinion which attributed to counsel the failure to include in the record the tape recordings of defendant's statements. We adhere to our affirmance of the judgment.