No. 63,753 ■

STATE OF KANSAS, *Appellee,* v. KIM EARL RUPERT, *Appellant.*

(802 P.2d 511)

Opinion filed December 7, 1990.

*Thomas Jacquinot,* assistant appellate defender, argued the cause and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Ellen Mitchell,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a criminal action in which the defendant, Kim Earl Rupert, appeals from a jury conviction of criminal non-support of a child, K.S.A. 1989 Supp. 21-3605(1). Rupert was sentenced to one to two years' imprisonment and was granted a five-year probation subject to special conditions. In addition, Rupert was ordered to pay $100.00 per month child support and $50.00 per month in back child support until the arrearage is paid in full. Rupert appealed his conviction, and the Court of Appeals, finding constitutional infirmity in the standard of proof required under K.S.A. 1989 Supp. 21-3605(1)(f), reversed the conviction in 14 Kan. App. 2d 229, 787 P.2d 300 (1990). We granted the State's petition for review.

The facts are not in dispute. Kim and Susan Rupert were married in 1976. On January 22, 1980, Kim Rupert adopted J.C. and C.C., Susan's sons from a previous marriage. The Ruperts divorced in 1985, and each was granted residential custody of one child. Kim Rupert was ordered to pay $100.00 per month in child support to commence August 1985.

Rupert has paid $2,728.96 of the $4,100.00 total child support accumulated; $1,371.04 remains in arrears. A complaint of criminal nonsupport was filed in October 1987, and Rupert was convicted as charged.

Rupert contends K.S.A. 1989 Supp. 21-3605(1), criminal nonsupport of a child, violates the due process clause of the Fourteenth Amendment and should be held unconstitutional. Rupert asserts the statute is a mix of civil and criminal law that authorizes felonious criminal punishment on a reduced standard of proof.

K.S.A. 1989 Supp. 21-3605(1) provides in pertinent part:

"**Nonsupport of a child or spouse.** (1)(a) Nonsupport of a child is a parent's failure, neglect or refusal without lawful excuse to provide for the support and maintenance of the parent's child in necessitous circumstances.

"(b) As used in this section, 'child' means a child under the age of 18 years and includes an adopted child . . . .

. . . .

"(f) A preponderance of the evidence shall be sufficient to prove that the defendant is the father or mother of such child. . . .

"(g) Nonsupport of a child is a class E felony."

It is well established there is a constitutional requirement that every essential element of a criminal charge must be proven beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 362, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *Miles v. United States*, 103 U.S. 304, 312, 26 L. Ed. 481 (1881); *State v. Douglas*, 230 Kan. 744, 745, 640 P.2d 1259 (1982); *State v. Furney*, 41 Kan. 115, 121, 21 Pac. 213 (1889). Proof beyond a reasonable doubt reduces the risk of conviction, and the subsequent loss of liberty, based upon a factual error and ensures against the infliction of punishment for a crime not established to a reasonable certainty. *In re Winship*, 397 U.S. at 363-64. Thus, proof beyond a reasonable doubt is the decisive difference between criminal culpability and civil liability. *Jackson v. Virginia*, 443 U.S. 307, 315,

61 L. Ed. 2d 560, 99 S. Ct. 2781, *reh. denied* 444 U.S. 890 (1979).

Criminal nonsupport of a child has three essential elements: that the defendant is the parent of a child under eighteen years of age; that the defendant failed, neglected, or refused to provide support and maintenance to the child; and that the child was in necessitous circumstances. K.S.A. 1989 Supp. 21-3605(1)(a). Constitutional mandates require that each element be proven beyond a reasonable doubt. *In re Winship*, 397 U.S. at 362.

K.S.A. 1989 Supp. 21-3605(1)(f), however, states that parentage need only be proven by a preponderance of the evidence. Under subsection (f) and the preponderance of the evidence standard of proof set out therein, the jury must be satisfied only to the degree that parentage is more probably true than not true.

Clearly, the reduced standard of proof set out in subsection (f) is violative of the constitutional requirement that every element of a crime be proven beyond a reasonable doubt. The State offers no compelling argument for this court to rule otherwise except to state that high morals and social duties mandate enforcement of the civil liability for support and maintenance. Although the State's argument may have merit, it is not grounds to uphold an unconstitutional provision within a criminal statute. We agree with the Court of Appeals as to the unconstitutionality of K.S.A. 1989 Supp. 21-3605(1)(f).

Having found the reduced standard of proof provided in K.S.A. 1989 Supp. 21-3605(1)(f) constitutionally void, we must now consider whether the impermissible language is severable from the rest of the statute. It is generally recognized that, where unconstitutional parts of a statute can be readily separated from the remainder of the statute without affecting the meaning of what remains, the unconstitutional language will be stricken and the constitutional portion will stand. *State, ex rel., v. City of Overland Park*, 215 Kan. 700, 711, 527 P.2d 1340 (1974). If, from examination of the statute it can be said the act would have passed without the objectionable portion and if the statute can carry out the intention of the legislature without the stricken language, the remainder of the statute will stand. *State v. Carpenter*, 231 Kan. 235, 240, 642 P.2d 998 (1982); *Gumbhir v. Kansas State Board of Pharmacy*, 228 Kan. 579, 588, 618 P.2d 837 (1980).

Striking the sentence "[a] preponderance of the evidence shall be sufficient to prove that the defendant is the father or mother of such child" from K.S.A. 1989 Supp. 21-3605(1)(f) does not invalidate the remainder of the statute. The legislative intent of this statute is to provide support for necessitous children and in this endeavor holds criminally liable those parents who fail to provide support. Where paternity is an issue in determining the status of the defendant, due process requires proof beyond a reasonable doubt. Thus, deletion of the unconstitutional standard of proof will not defeat the legislative intent of the criminal non-support statute.

Notwithstanding Rupert's meritorious argument, under the facts of this case we find the constitutional error harmless. An error of constitutional magnitude must not be treated lightly. Therefore, we may not hold a federal constitutional error harmless unless there is little likelihood, if any, of the error having changed the result of the trial, and we are convinced of such belief beyond a reasonable doubt. *State v. White*, 246 Kan. 28, 37, 785 P.2d 950, *modified* 246 Kan. 393, 789 P.2d 1175 (1990); *State v. Eaton*, 244 Kan. 370, 385, 769 P.2d 1157 (1989); *State v. Beebe*, 244 Kan. 48, 53, 766 P.2d 158 (1988).

In the present case, paternity was not an issue. Rupert adopted the children on January 22, 1980, and the decree of adoption was admitted into evidence. Thus, there is no doubt that Rupert is the parent of C.C. and, regardless of the constitutional error, this fact would not change. Therefore, we are convinced beyond a reasonable doubt this factor would not have changed the outcome of the trial and hold the constitutional invalidity of subsection (f) to be harmless. The Court of Appeals' reversal of defendant's conviction is reversed.

Rupert next contends the prosecutor made unconstitutionally impermissible comments about his failure to testify. At the close of the State's evidence, Rupert sought to introduce copies of tax returns as evidence. The prosecutor objected to the evidence as being hearsay because there was no one to lay a foundation. The prosecutor stated: "[Y]es, we are objecting to the tax returns. We have no one to cross-examine about where the income came from and why the amounts. I would object." The prosecutor continued to object to introduction of the evidence and repeated: "Yes, we

have no way of cross-examining the defendant concerning that income, whether or not he accurately listed—he may have failed to list things and I would object unless, again, he's—someone is going to testify." Rupert objected to the comment as an improper reference to the defendant's failure to testify. The district court instructed the jury to disregard the remark and denied Rupert's motion for a mistrial.

The rules regarding prosecutorial comment on the defendant's failure to testify are well established. Comments by the prosecutor upon defendant's failure to testify violate the constitutional right against self-incrimination. *Griffin v. California*, 380 U.S. 609, 615, 14 L. Ed. 2d 106, 85 S. Ct. 1229, *reh. denied* 381 U.S. 957 (1965); *State v. Reeves*, 224 Kan. 90, 93, 577 P.2d 1175 (1978); *State v. Lowe*, 238 Kan. 755, 764, 715 P.2d 404 (1986), *overruled on other grounds* 242 Kan. 64, 744 P.2d 856 (1987). Kansas has codified this rule in K.S.A. 60-439, which prohibits comment on the defendant's privilege not to testify. Mere comment, however, is not a per se violation requiring reversal. Only error which fails to meet the federal standard of harmless error, defined as proof beyond a reasonable doubt that the error did not contribute to the verdict, requires reversal. *State v. Henderson*, 226 Kan. 726, 736, 603 P.2d 613 (1979); see *Chapman v. California*, 386 U.S. 18, 24, 17 L. Ed. 2d 705, 87 S. Ct. 824, *reh. denied* 386 U.S. 987 (1967).

To determine whether the comment was harmless, we consider the nature and extent of the comment in comparison to the strength of the evidence of the defendant's guilt. *Henderson*, 226 Kan. at 736. Where the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify, we must find harm. *State v. Knapp*, 234 Kan. 170, 183, 671 P.2d 520 (1983); *State v. Jagger*, 11 Kan. App. 2d 350, 352, 720 P.2d 673 (1986).

In applying the above standards to the present case, we find the prosecutor made repeated comments that she objected to the evidence because there was no one to lay a foundation. In addition, the prosecutor directly commented that she objected to the evidence if Rupert did not testify. These statements are of the character which would naturally lead the jury to take it as a

comment on the defendant's failure to testify. On the other hand, substantial evidence existed to show that Rupert had failed to provide support. Therefore, the prosecutor's comments had little likelihood of changing the outcome of the verdict. Thus, we find the error is harmless beyond a reasonable doubt.

The judgment of the Court of Appeals reversing the district court is reversed; the judgment of the district court is affirmed.

ABBOTT, J., not participating.