NOT DESIGNATED FOR PUBLICATION

No. 122,026

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GEORGE R. KETRON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed April 2, 2021. Affirmed in part, reversed in part, and remanded with directions.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and MCANANY, S.J.

PER CURIAM: George R. Ketron appeals his various convictions for sex crimes involving a number of young girls who visited his home from time to time. For his crimes Ketron received a controlling sentence of life imprisonment with the possibility of parole after 40 years plus an additional 84 months' imprisonment.

The parties are well acquainted with the facts of this case and we need not recount all of them here. We will describe them as recounted in the trial testimony only to the extent necessary to resolve the issues raised by Ketron in this appeal.

1

Ketron contends on appeal that the evidence was insufficient to support the following convictions:

- Three counts of aggravated indecent liberties with a child in connection with his fondling of three girls under the age of 14 whom we will identify as A.B., S.P., and K.P.

- One count of indecent liberties with a child, T.B., age 14.

- One count of indecent liberties with a child, Y.B.

- One count of aggravated indecent solicitation of a child, A.B.(2).

*Convictions involving A.B., S.P., and K.P.*

The State charged Ketron with three counts of aggravated indecent liberties with a child under 14 years of age for his actions with A.B., S.P., and K.P. Each charge stated in part that Ketron unlawfully engaged in lewd fondling or touching of the person of the child "with the intent to arouse or satisfy the sexual desires of the child _or_ of the offender." (Emphasis added.) This is consistent with K.S.A. 2015 Supp. 21-5506(b)(3)(A), the statute under which Ketron was prosecuted in these counts.

The jury instruction for these counts differed from the statute in that the instruction stated that the State had to prove Ketron intended to arouse or satisfy the sexual desires of *both* himself and the victim. Ketron contends, without authority, that these three convictions can stand only if the evidence established the crimes described in the jury instruction; *viz.*, that he acted with the intent to arouse or satisfy the sexual desires of both himself and of each of these three young girls. He contends that because

2

there was no evidence that his actions were intended to arouse these three children, these convictions must be set aside.

Kansas prosecutions "are based on the charging document, which may be a complaint, indictment, or information." *State v. Fitzgerald*, 308 Kan. 659, Syl., 423 P.3d 497 (2018). Moreover, the Due Process Clause of the Fourteenth Amendment to the United States Constitution only "requires proof beyond a reasonable doubt of each element *of the crime charged*." (Emphasis added.) *State v. Douglas*, 230 Kan. 744, 745, 640 P.2d 1259 (1982). The State's information here did not allege that Ketron committed these crimes with the intent to arouse or satisfy his sexual desires and the sexual desires of each of these three children. Instead, consistent with the statute, it alleged that Ketron acted "with the intent to arouse or satisfy the sexual desires of the child or of the offender."

We find no Kansas authority, and Ketron cites none, that supports Ketron's contention that the language of the jury instruction trumps the language of the charging document.

A case considering an argument similar to Ketron's is *United States v. Deutsch*, 451 F.2d 98 (2nd Cir. 1971). There, the district court instructed the jury it had to find that the defendant gave compensation to someone with the intent to influence that person. But the statute under which the defendant was charged only required that the defendant's intent in making the payment was "in appreciation of past, or in anticipation of future, conduct." 451 F.2d at 112. The Second Circuit Court of Appeals rejected the defendant's argument that the evidence was insufficient because it did not establish the intent element stated in the instruction, even though the evidence established the intent element in the statute under which the defendant was charged. 451 F.2d at 113.

3

In *United States v. Houston*, 406 F.3d 1121 (9th Cir. 2005), a jury convicted Houston of distributing a controlled substance resulting in the death of Trina Bradford. The district court erroneously instructed the jury that the crime contained an element of proximate cause, meaning that the jury had to find that Bradford's death was reasonably foreseeable to Houston. Houston argued there was insufficient evidence supporting proximate cause. The Ninth Circuit Court of Appeals affirmed the conviction, reasoning:

> "In this case, the jury—through its guilty verdict—found that the Government proved all of the essential elements of the crime, and more, beyond a reasonable doubt. Although the district court incorrectly instructed the jury that it needed to find proximate cause, and not simply cause-in-fact, the jury necessarily reached the cause-in-fact inquiry in the course of concluding beyond a reasonable doubt that Houston's actions were the proximate cause of Bradford's death." 406 F.3d at 1125.

In our present case, Ketron does not contend that the evidence was insufficient to support a finding that he acted with the intent to arouse or satisfy his own sexual desires. In convicting Ketron on these counts, the jury necessarily determined under the court's jury instruction that Ketron acted with the intent to arouse or satisfy his own sexual desires, which is sufficient to support these convictions under the statute. Because the State was only required to prove that Ketron acted to satisfy or arouse his own desires, his challenge to his convictions relating to A.B., S.P., and K.P fails. We affirm these convictions.

*Conviction involving T.B.*

Ketron challenges the sufficiency of the evidence to convict him of indecent liberties with a child for the incident involving T.B., who was age 14 at the time of the crime. The State charged Ketron under K.S.A. 2017 Supp. 21-5506(a)(1), which states:

4

"(a) Indecent liberties with a child is engaging in any of the following acts with a child who is 14 or more years of age but less than 16 years of age:

(1) Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of the child or the offender, or both."

Unlike the instructions relating to the charges involving A.B., S.P., and K.P., the court's instruction to the jury on the charge related to T.B. was consistent with the statute.

In considering Ketron's challenge to the sufficiency of the evidence, we review the evidence in a light favoring the State, the prevailing party, to determine whether we are convinced that a rational fact-finder could have found Ketron guilty of this charge beyond a reasonable doubt. In doing so, we do not reweigh evidence, resolve evidentiary conflicts, or redetermine the credibility of the witnesses. See *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

In determining whether Ketron lewdly fondled or touched T.B., we adhere to our Supreme Court's observations in *State v. Ta*, 296 Kan. 230, Syl. ¶ 5, 290 P.3d 652 (2012):

"[W]hether a touching or fondling is lewd should be determined by considering the common meaning of the term 'lewd,' that is whether a touching is sexually unchaste or licentious; suggestive of or tending to moral looseness; inciting to sensual desire or imagination; or indecent, obscene, or salacious. In considering if a touching meets this definition, a factfinder should consider whether the touching tends to undermine the morals of a child and is so clearly offensive as to outrage the moral senses of a reasonable person."

We also take into account our court's observation in *State v. Rutherford*, 39 Kan. App. 2d 767, 776, 184 P.3d 959 (2008): "Whether a touching is lewd depends upon the totality of the circumstances and is a question for the jury. [Citation omitted.] Accordingly, whether

5

the action offends the moral senses of a reasonable person is a determination left to the jury."

Here, the evidence was that Ketron had T.B. sit on his lap while he rubbed her thighs. T.B. described the incident as Ketron "getting . . . sexual with [her]." Moreover, it is apparent that Ketron's conduct was "done . . . with the intent to arouse or to satisfy the sexual desires of the child or the offender, or both." Ketron argues that there is no evidence of intent because there is no evidence that he made any statements while T.B. was on his lap or that he was aroused during the incident. But intent can be established by circumstantial evidence. *Rutherford*, 39 Kan. App. 2d at 776. Circumstances tending to show sexual intent include (1) a pattern of touching that extends over time; (2) the places on the body touched; (3) the nature of the touching; (4) the defendant's consciousness of guilt; (5) a desire for secrecy; and (6) the isolation of the victim. See *State v. Reed*, 300 Kan. 494, 503, 332 P.3d 172 (2014) (evaluating evidence of these factors); *State v. Clark*, 298 Kan. 843, 850, 317 P.3d 776 (2014) (same). This list is not exclusive or exhaustive.

Here, the evidence established a clear pattern of Ketron repeatedly and inappropriately touching young girls who were entrusted to his care. Among other things, he had girls remove all their clothes so he could give them massages. He had them sleep naked in bed with him. He also made improper sexual comments to the children, especially to T.B. Among other things he showed T.B. pornography, used a dildo to show her how to put on a condom, instructed her on manual and oral stimulation of a penis, and explained different sexual positions to her. The jury could consider this evidence in determining Ketron's intent when he rubbed T.B.'s thighs. See K.S.A. 2020 Supp. 60-455(d) (In a criminal action in which the defendant is accused of a sex offense, "evidence of the defendant's commission of another act or offense of sexual misconduct is admissible, and may be considered for its bearing on any matter to which it is relevant and probative.").

6

The weight of this evidence was a matter for the jury. We do not reweigh the evidence. Here, the evidence was sufficient to support Ketron's conviction of lewd fondling or touching of T.B. A reasonable person could find that this conduct was "'sexually unchaste or licentious; suggestive of or tending to moral looseness'" and would "'outrage the moral senses of a reasonable person,'" all as described in *Ta*, 296 Kan. at 242-43. Moreover, the evidence supports a finding that this conduct was done for the purpose of sexual arousal or satisfaction. We will not disturb the jury's determination that Ketron's conduct constituted lewd fondling. We affirm this conviction.

*Conviction involving Y.B.*

Ketron challenges the sufficiency of the evidence to support his conviction for taking indecent liberties with Y.B. She testified that Ketron offered her a massage and told her she had to be naked for the massage; but she did not accept his offer. The only evidence that Ketron touched her was her statement that he popped her back by touching her on her hips and shoulders and twisting. She was clothed at the time. Y.B. did not have any concerns about the touching. The State concedes that this evidence was insufficient to convict Ketron of taking indecent liberties with Y.B. We agree. We reverse this conviction.

*Conviction involving A.B.(2)*

Ketron was convicted of aggravated indecent solicitation of A.B.(2), a 10-year-old child. . Ketron's sole argument is that the evidence supporting this conviction is insufficient because A.B.(2)'s testimony was so incredible as to defy belief as a matter of law. A.B.(2) testified that while she was in the shower one day, Ketron came into the bathroom and offered to shave her pubic hair.

7

Ketron does not explain why A.B.(2)'s testimony was not believable or provide any basis for us to draw such a conclusion. A point raised incidentally in a brief and not argued is deemed abandoned. *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018). Besides, A.B.(2)'s testimony was consistent with her statement in her forensic interview and it was corroborated by Y.B., who overheard Ketron's offer to A.B.(2). The testimony on this charge was not so incredible as to defy belief. Ketron's challenge to this conviction fails. We affirm this conviction.

Affirmed in part, reversed in part, and remanded for resentencing.