(600 P.2d 160)

No. 50,598

STATE OF KANSAS, *Appellee,* v. LEROY C. KNETZER, *Appellant.*

Opinion filed September 28, 1979.

*Douglas J. Moshier,* of Lambdin, Kluge & Moshier, Chartered, of Wichita, for appellant.

*Gary H. Jarchow,* assistant district attorney, *Robert T. Stephan,* attorney general, and *Vern Miller,* district attorney, for appellee.

Before FOTH, C.J., ABBOTT and SPENCER, JJ.

ABBOTT, J.: This is a direct appeal by the defendant, Leroy C. Knetzer, from his conviction of criminal nonsupport of a child, contrary to K.S.A. 1978 Supp. 21-3605.

Two issues are presented on appeal. First, defendant argues that the State's evidence failed to establish that the children were in necessitous circumstances at a time when defendant had funds with which to contribute to their support. The second issue concerns the admissibility of seven cancelled checks that purportedly show income on the part of the defendant during the period in question. The seven checks were part of a series of forty-four cancelled checks introduced by the State to prove that the defendant received money or income with which he could have provided support for his minor children. Defendant correctly concedes that, if he is unsuccessful on his first issue, even if we should find the seven checks to be inadmissible in evidence

their admission would be harmless error. In view of our disposition of defendant's first issue, his second issue need not be considered further.

In challenging the sufficiency of the evidence, the defendant faces a heavy burden. It is well-recognized that it is not the function of the appellate courts to weigh conflicting evidence, to pass on the credibility of witnesses, or to redetermine questions of fact. The reviewing court is concerned only with evidence that supports the trial court's findings, not with evidence that might have supported contrary findings. *Stauth v. Stauth,* 2 Kan. App. 2d 512, Syl. ¶ 4, 582 P.2d 1160 (1978). When the trial court's findings are so supported, they will not be disturbed on appeal. *Highland Lumber Co., Inc. v. Knudson,* 219 Kan. 366, Syl. ¶ 4, 548 P.2d 719 (1976). It is of no consequence that there may have been contrary evidence that, if believed, would have supported different findings. *Bell v. Kent-Brown Chevrolet Co.,* 1 Kan. App. 2d 131, 134, 561 P.2d 907 (1977).

The predecessor statute to the current law on criminal nonsupport was K.S.A. 21-442 (Corrick, 1964), which, in effect, was virtually unchanged from 1911 until 1969. Unlike the present statute, which requires that the child be in necessitous circumstances, 21-442 required a finding that the minor child be in "destitute or necessitous circumstances." Case law interpretations found that "destitute and necessitous" mean virtually the same thing, and we therefore do not deem that the legislature's deletion of "destitute" from the statute makes any change in existing case law. In *State v. Waller,* 90 Kan. 829, 834, 136 Pac. 215 (1913), the Court defined the terms as follows:

"They [destitute and necessitous] mean needing the necessaries of life, and the necessaries of life cover not only primitive physical needs, things absolutely indispensable to human existence and decency, but those things also which are in fact necessary to the particular person having the right to demand support and maintenance."

In so holding, the Court rejected an interpretation that would have required the child (or spouse) to be in a position of extreme poverty or need before a violation could be found, declaring that the act should be "liberally interpreted to accomplish the legislative intention." 90 Kan. 829, Syl. ¶ 1. To achieve this, the Court established that it is no defense to a charge of failure to provide for a minor child that the mother of such child, or any other

person or organization, voluntarily or involuntarily furnishes necessary food, clothing, shelter, medical care, or any other remedial care for the child during the period of time the defendant failed to do so. *Thompson v. Thompson,* 205 Kan. 630, 470 P.2d 787 (1970); *State v. Wellman,* 102 Kan. 503, 170 Pac. 1052 (1918); *State v. Waller,* 90 Kan. at 832.

It is this judicial interpretation which defendant attacks as being inconsistent with the "mores and societal attitudes that exist today." While his brief reaffirms the abstract duty of a parent to support his or her children, defendant urges that a more "enlightened" interpretation of the term "necessitous circumstances" should not ignore the efforts of the custodial parent or others in supporting the child or children.

Since our society presently keeps a child that is fortunate enough to reside in this country from lacking the essentials of life, it would effectively defeat the purpose of the criminal nonsupport statute if the position urged by defendant were adopted.

The defendant's ex-wife testified as mother of the children that she worked two jobs in an effort to support them, and that occasionally she had to rely on her family, church, and life insurance from her deceased mother to help out; that even then there was a period of time when the family was without fuel or heat. Defendant contributed nothing during the period he was charged with nonsupport. His ex-wife's testimony furnishes a reasonable inference that the children were in "necessitous circumstances" during the entire period that defendant was charged with nonsupport.

While the State's evidence could have been considerably more specific, our review of the record reveals evidence sufficient to form a basis for a reasonable inference of guilt.

Affirmed.