STATE of Indiana, Appellant–
Plaintiff Below,

v.

Lonny Ray TAYLOR, Sr., Appellee–
Defendant Below.

No. 43A03–9307–CR–219.

Court of Appeals of Indiana,
Third District.

Dec. 27, 1993.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant-plaintiff.

HOFFMAN, Judge.

The State of Indiana appeals from a judgment granting appellee-defendant Lonny Ray Taylor, Sr.'s motion to dismiss in a criminal action charging him with two counts of nonsupport of a child, Class D felonies.

The facts relevant to this appeal disclose that Taylor and Kathy Conover were married in 1977. Two children were born during the marriage: Lonny R. Taylor, Jr., born July 13, 1978, and William J. Taylor, born October 11, 1979.

In 1980, Taylor and Conover were divorced in St. Joseph County, Michigan. Conover received custody of the two children. As part of the support order entered by the Michigan court, Taylor was ordered to pay $34.00 a week, beginning October 9, 1984, for the support and maintenance of his children with the order to remain in effect until further order of the court.

After the divorce, Conover and the two children moved to Illinois briefly then to Indiana where they now reside. At all times since the divorce, Taylor has resided in Michigan and has not visited his children. Between October 16, 1990 and October 23, 1992, Taylor did not provide support for his children living in Indiana.

Based on his nonsupport, the State of Indiana, on November 2, 1992, filed an information against Taylor charging him, pursuant to IND.CODE § 35–46–1–5(a) (1988 Ed.), with two counts of nonsupport of a child, Class D felonies. On December 16, 1992, Taylor responded to the charges by appearing in person in the Kosciusko Circuit Court. On February 25, 1993, he then filed a motion to dismiss arguing that Indiana lacked jurisdiction to prosecute him. The trial court agreed. On April 7, 1993, the trial court dismissed all charges finding that although his nonsupport was an omission to perform a duty in violation of Indiana law, there was no jurisdiction over him because he was a nonresident, had no contacts with the State and his acts of nonsupport occurred wholly in Michigan. The State appeals.[1]

The issue presented by the State is whether a nonresident parent may be prosecuted in Indiana for the criminal offense of nonsupport of his children living in Indiana if there has been no support order issued by an Indiana court and the parent has never visited his children living in the state.

Indiana law imposes upon a parent the duty to support his children. *See Crowe v. Crowe* (1965), 247 Ind. 51, 54, 211 N.E.2d 164, 166. This duty arises irrespective of the location of the child or the location of the parent.

*See Miami Coal Co. v. Peskir* (1923), 80 Ind.App. 115, 119, 139 N.E. 684, 686 (Indiana had jurisdiction to prosecute an alien father who was living in Indiana at the time of his death for nonsupport of his children, even though the children had never been in Indiana or the United States);

*State v. Leed* (1962), 243 Ind. 402, 410, 186 N.E.2d 5, 8 (under a former criminal nonsupport statute, because the phrase "living in this state" referred to the child not the parent, Indiana had

---

1. The State's appeal is proper under IND.CODE § 35–38–4–2(1) (1988 Ed.) which provides in pertinent part, "[a]ppeals to the supreme court or the court of appeals, if the court rules so provide, may be taken by the state ... (1) [f]rom an order granting a motion to dismiss an indictment or information." The trial court has stayed execution of the order of dismissal pending the State's appeal. Taylor has chosen not to file an appellate brief on his behalf.

jurisdiction to prosecute for nonsupport a father who had lived in Indiana but was living in another state during the period of nonsupport).

 IND.CODE § 35–46–1–5 (1988 Ed.), the present criminal nonsupport statute, provides, in pertinent part, "[a] person who knowingly or intentionally fails to provide support to his dependent child commits nonsupport of a child, a Class D felony." As there is no specific provision relating to jurisdiction in IND.CODE § 35–46–1–5, the general criminal jurisdiction statute, IND. CODE § 35–41–1–1 (1988 Ed.) governs to determine whether Indiana has jurisdiction to prosecute Taylor for nonsupport. IND. CODE § 35–41–1–1 reads, in relevant part, as follows:

"Jurisdiction

Sec. 1. (a) A person may be convicted under Indiana law of an offense if: ...

(5) the offense consists of the omission to perform a duty imposed by Indiana law with respect to domicile, residence, or a relationship to a person, thing, or transaction in Indiana."

The Indiana Supreme Court has held that because support of a child is a duty which is to be performed in the county where the child resides, nonsupport is an omission which also occurs in the county where the child resides. *Gilmour v. State* (1952), 230 Ind. 454, 457, 104 N.E.2d 127, 128. Because his children live in Indiana and any act of support was to be performed in this State, Taylor's nonsupport, an offense of omission, also occurred in Indiana. Consequently, pursuant to IND.CODE § 35–41–1–1, Indiana has jurisdiction to prosecute Taylor for the crime of nonsupport even though no Indiana court has issued a support order, and Taylor is a nonresident who at all times during his acts of nonsupport lived in Michigan.[2] The trial court improperly dismissed the information. Therefore, we reverse the decision of the trial court and remand for a trial on the merits.

Reversed and remanded.

GARRARD and NAJAM, JJ., concur.

---

**2.** Other state appellate courts, faced with identical issues, have taken this same position. *See State v. Shaw* (1975), 96 Idaho 897, 899–900, 539 P.2d 250, 252–253 (rejecting defendant's contention that since he was living in Nevada at the times relevant to the charge of nonsupport of his minor children, the crime, if any, occurred in Nevada rather than Idaho); *Poole v. State* (1973), 60 Wis.2d 152, 156, 208 N.W.2d 328, 330–331 (because the nonsupport statute contained no provision for jurisdiction, the general criminal jurisdiction statute governed and because the acts of nonsupport, while occurring outside the state, had a criminally proscribed consequence within the State, Wisconsin had jurisdiction to try the case); *People v. Jones* (1967), 257 Cal.App.2d 235, 64 Cal.Rptr. 622, 623–624 (criminal offense of nonsupport is committed in county where the mother and child reside and nonresident father was properly convicted even though he had never been in the state); *State v. Klein* (1971), 4 Wash.App. 736, 739, 484 P.2d 455, 457–458 (crime of nonsupport logically occurs in state where child resides because such state has a compelling interest in the welfare of children within its territorial limits).

Also, both Michigan and Indiana have expressed a willingness to cooperate in the enforcement of support orders by enacting legislation incorporating the Uniform Reciprocal Enforcement of Support Act (URESA). *See* IND.CODE § 31–2–1–1, *et seq.;* MICH.COMP.LAWS § 780.151 et seq. The purpose of URESA is to provide for a uniform procedure to enforce in one jurisdiction support obligations arising in another jurisdiction without having to initiate new proceedings or travel to the foreign state. 15 Ind.Prac. *Family Law* § 9.101 (Smithburn, 1991). URESA ensures that those who have obligations of support provide it. *Id.* There are three enforcement mechanisms under URESA: (1) a two state action (2) summary registration of support orders and (3) a procedure for extradition of obligors in a criminal cause for non-support. *Id.* Thus, Indiana invoking jurisdiction over Taylor, a resident of Michigan, does not encroach upon the sovereign powers of Michigan.