(904 P.2d 1014)
No. 71,194

STATE OF KANSAS, *Appellee*, v. LLOYD W. SELBERG, *Appellant*.

Opinion filed October 27, 1995.

*Joseph A. McMillen*, of Kansas City, for appellant.

*Donald W. Hymer, Jr.*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., GERNON, J., and D. KEITH ANDERSON, District Judge, assigned.

ELLIOTT, J.: Lloyd Selberg appeals his conviction for criminal nonsupport of a child. K.S.A. 1991 Supp. 21-3605(1) (now K.S.A. 1994 Supp. 21-3605[a]). We must reverse.

On appeal, Selberg argues the statute is unconstitutionally vague and that the trial court improperly refused to allow his evidence that the child was not in necessitous circumstances. In reversing, we need not reach the constitutional question.

K.S.A. 1994 Supp. 21-3605(a)(1) provides that nonsupport of a child is "a parent's failure, neglect or refusal without lawful excuse to provide for the support and maintenance of the parent's child *in necessitous circumstances*." (Emphasis added.)

There seems little doubt that Selberg's son had independent means through a trust. At the preliminary hearing, Mrs. Selberg testified the son had recently purchased a car with cash from the trust fund and was paying for the car's maintenance with those funds. Accordingly, the child has access to the trust. The State acknowledges the existence of the trust fund.

Prior to trial, Selberg indicated he intended to put on evidence of the trust fund, as well as evidence of Mrs. Selberg's income. The State filed a motion in limine, which is not in the record, but the transcript of that hearing is. The trial court characterized the issue as being whether "the defendant has met his child support obligations."

That statement by the trial court brings into focus the central issue of this appeal: May a parent be convicted of a felony for merely failing to pay child support? If so, does failure to pay support automatically place the child in necessitous circumstances, relieving the State of its burden to prove an element of the crime?

Kansas has had a criminal nonsupport statute for many years, with little substantive change. In *State v. Miller*, 111 Kan. 231, 206 P. 744 (1922), the father had fulfilled his court-ordered support obligation but was not relieved of liability to support his minor child. But there, the child required assistance beyond the ordered support due to a "spinal difficulty," leaving the child in necessitous circumstances. The father was properly convicted, held the court. 111 Kan. at 231. On rehearing, the court reversed the conviction, holding it was error to instruct the jury as a matter of law that the failure to support was without lawful excuse even though the father had contributed $11,000 worth of property as alimony to the mother and support for the child. 111 Kan. at 237.

The present case arises because the State and the trial court strictly apply language from our opinion in *State v. Knetzer*, 3 Kan. App. 2d 673, Syl. ¶ 2, 600 P.2d 160 (1979):

"It is no defense to a charge of failure to provide for a minor child that the mother of such child, or any other person or organization, voluntarily or involuntarily furnishes necessary food, clothing, shelter, medical care, or any other remedial care for the child during the period of time the defendant failed to do so."

· ·But in *Knetzer*, the mother had to work two jobs and occasionally "had to rely on her family, church, and life insurance from her deceased mother to help out; that even then there was a period of time when the family was without fuel or heat." 3 Kan. App. 2d at 675. Patently, the child in *Knetzer* was in necessitous circumstances.

That the child in question be in "necessitous circumstances" is an essential element of the crime and, thus, must be proven beyond a reasonable doubt. See *State v. Rupert*, 247 Kan. 512, 515, 802 P.2d 511 (1990).

Our Supreme Court in *State v. Waller*, 90 Kan. 829, 834-35, 136 Pac. 215 (1913), held:

"It often occurs that a husband is impecunious, while his wife is possessed of ample means. It often occurs that they have equal fortunes. Should a wife having an estate of her own be neglected by her husband, *the character and extent of her resources and their availability to meet her needs may be taken into consideration in determining whether or not she is in necessitous circumstances*, the question in all cases being one of fact for the jury to determine *under proper instructions from the court*." (Emphasis added.)

The *Waller* court defined "necessitous circumstances" as meaning "needing the necessaries of life, and the necessaries of life cover not only primitive physical needs, things absolutely indispensable to human existence and decency, but those things also which are in fact necessary to the particular person having the right to demand support and maintenance." 90 Kan. at 834. See also *State v. Wohlfort*, 123 Kan. 62, 254 Pac. 317 (1927) (wife was in necessitous circumstances since she was ill and hospitalized).

Historically, then, Kansas has not applied its criminal nonsupport statute unless the spouse or child is in necessitous circumstances. *Rupert* makes clear that necessitous circumstances is an essential element of the crime. 247 Kan. at 515.

Unfortunately, *Rupert* and another recent case seem also to imply that mere nonpayment of support, *without more*, is enough to convict a person of criminal nonsupport. In *Rupert*, the court merely states the husband was in arrears on support when the complaint was filed. 247 Kan. at 514. And in *State v. Kirkland*, 17 Kan. App. 2d 425, 426, 837 P.2d 846, *rev. denied* 251 Kan. 941

(1992), we stated that "Kirkland was under court order to make child support payments, and that he made no child support payments during the time period." In our view, a parent should not be convicted of the felony of criminal nonsupport merely for failing to make court-ordered payments, *without more*. Thus, our holding is a narrow one, being dependent on the peculiar facts of this case.

In the present case, Mrs. Selberg testified defendant did not pay his court-ordered support and did not give the child any gifts during the period in question. Although somewhat skimpy, this evidence might be sufficient to convict defendant if nothing more were required. But the trial court's ruling on the State's motion in limine totally denied Selberg the opportunity to refute that testimony.

Selberg claims that not only did his son have access to the trust, but that he, Selberg, contributed to the trust fund, thus arguing he had actually provided support for the child. The trial court made it very clear that the sole issue was whether Selberg failed to pay court-ordered support. Period.

Here, there was simply no evidence to show that the child was in necessitous circumstances. Since that is an essential element of the crime to be proven beyond a reasonable doubt, the conviction must be reversed. The trial court erred in granting the motion in limine.

Evidence of the trust fund would be consistent with the language in *Waller* that the character and extent of resources and their availability may be taken into consideration in determining whether the child is in necessitous circumstances. 90 Kan. at 834-35.

Finally, the jury *was* instructed that an element of the crime was that the child be in necessitous circumstances. But the instruction also stated: "It is no defense that the necessities of a child are provided for by other sources." This language is not found in PIK Crim. 3d 58.06 and is superfluous given the fact Selberg was prohibited from putting forth evidence of any "other sources." Rather, the comment to the PIK instruction states that if the facts warrant, the proper instruction is that "the children should be deemed to be in destitute or necessitous circumstances, if they would have

614

been in such condition had they not been provided for by someone else." See *State v. Wellman*, 102 Kan. 503, 170 Pac. 1052 (1918).

The instruction given by the trial court relieved the jury from finding that the essential element of necessitous circumstances be proved beyond a reasonable doubt.

Reversed and remanded for a new trial.