(987 P.2d 1130)

No. 80,348

STATE OF KANSAS, *Appellee,* v. RANDALL S. SOKOLASKI, *Appellant.*

—

Opinion filed July 30, 1999.

*Mary D. Prewitt,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before ELLIOTT, P.J., LEWIS, J., and PADDOCK, S.J.

ELLIOTT J.: Randall S. Sokolaski appeals his conviction of criminal nonsupport of a child.

We affirm.

Appellant married Dolly Gasser in Missouri and they had a child, W. The couple divorced in Missouri and appellant was ordered to pay child support. Dolly and W. moved to Kansas and eventually the State charged appellant with criminal nonsupport. Appellant challenged the trial court's jurisdiction, claiming he had not subjected himself to Kansas jurisdiction.

The trial court denied the jurisdictional challenge and decided the case on stipulated facts. One of the stipulated facts was that "[b]ut for the support of the child's mother, the minor child would have been in necessitous circumstances."

Appellant argues that because the divorce and child support order were issued in Missouri and he lives in Missouri, Kansas has

no jurisdiction to prosecute him for criminal nonsupport. This is a question of first impression in Kansas.

K.S.A. 21-3104(1) provides that a person is subject to prosecution in Kansas if he or she commits a crime wholly or partly within the state. An offense is committed partly within the state if the proximate result of the act occurs within Kansas. K.S.A. 21-3104(2).

While Kansas has not addressed the issue, there is widespread agreement among other jurisdictions that states have jurisdiction over defendants in nonsupport cases regardless of whether the defendant parent committed the act while located in another state or county. See *State v. Taylor*, 625 N.E.2d 1334 (Ind. App. 1993); *State v. Paiz*, 817 S.W.2d 84, 85-86 (Tex. Crim. 1991); *State v. Doyen*, 165 Vt. 43, 46-47, 676 A.2d 345 (1996); *State v. Inglin*, 224 Wis. 2d 764, 779-80, 592 N.W.2d 666 (Wis. App. 1999).

These courts focus on the consequences within their borders of actions taken elsewhere and observe that no other jurisdiction— except the one in which the child is located—would have any interest in pursuing a defendant's unlawful behavior. *E.g., Inglin*, 224 Wis. 2d at 779-80.

Applying this analysis to the present case, it is clear that appellant's criminal nonsupport occurred partly in Kansas and the proximate result of his actions (the failure to provide support for W.) occurred within the state. Appellant's actions necessarily resulted in denying W., a Kansas resident, the court-ordered support to which he is entitled.

The trial court properly asserted personal jurisdiction over appellant.

Appellant also argues there was insufficient evidence to support his conviction. Nonsupport of a child is "a parent's failure, neglect or refusal without lawful excuse to provide for the support and maintenance of the parent's child in necessitous circumstances." K.S.A. 21-3605(a)(1).

The essential element that the child be in necessitous circumstances must be proved beyond a reasonable doubt. Merely proving a parent has failed to pay court-ordered support, *without more*, is

not enough to support a conviction. *State v. Selberg*, 21 Kan. App. 2d 610, Syl. ¶ 2, 904 P.2d 1014 (1995).

But in *Selberg*, we also observed that the comment to PIK Crim. 3d 58.06 states that where the facts warrant, the proper instruction to be given is that "the children should be deemed to be in destitute or necessitous circumstances, *if they would have been in such condition had they not been provided for by someone else.*" (Emphasis added.) 21 Kan. App. 2d at 613-14.

In the present case, appellant *stipulated* that *but for* Dolly's support, W. would have been in necessitous circumstances. Under the comment to the PIK instruction and the facts of this case, the stipulation adequately supports appellant's conviction for criminal nonsupport of a child.

Affirmed.