(13 P.3d 926)

No. 82,852

STATE OF KANSAS, *Appellee*, v. JOHN E. FILOR, *Appellant*.

Opinion filed December 1, 2000.

*Lisa Bailey*, of Topeka, for appellant.

*Jeff Elder*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before MARQUARDT, P.J., ELLIOTT, J., and JOHN E. SANDERS, District Judge, assigned.

MARQUARDT, J.: John E. Filor appeals his convictions for seven counts of criminal nonsupport of a child. We affirm.

John and Denise were married in October 1982. They had seven children. Denise filed for divorce in May 1995. John did not appear at the divorce hearing. A default decree of divorce was entered. Denise retained possession of the couple's home. John was ordered to pay child support in the amount of $948 per month.

Denise received $4,923.19 in total support in 1996, $2,179.65 in 1997, and $324.50 in 1998. In August 1998, a complaint was filed charging John with seven counts of criminal nonsupport of a child. John waived his right to a jury trial. The trial court found John guilty on all seven counts. John timely appeals his convictions.

On appeal, John claims that there is no substantial competent evidence to support the trial court's finding that he failed to support his children. John contends that failure to pay his entire child support obligation does not mean that he has failed to support his children. John contends that his child support obligation is too high because it was based on incorrect information presented at the default hearing. John alleges that he had a lawful excuse for his failure to entirely satisfy his child support obligation.

When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Mason*, 268 Kan. 37, 39, 986 P.2d 387 (1999).

Nonsupport of a child is a parent's failure, neglect or refusal without lawful excuse to provide for the support and maintenance of the parent's child who is in necessitous circumstances. K.S.A. 21-3605(a)(1). Criminal nonsupport of a child has three essential elements: (1) The defendant is the parent of a child under 18 years of age; (2) the defendant failed, neglected, or refused without lawful excuse to provide support and maintenance for the child; and (3) the child was in necessitous circumstances. K.S.A. 21-3605(a)(1) and (2). Constitutional mandates require that each element be proven beyond a reasonable doubt. *State v. Rupert*, 247 Kan. 512, 515, 802 P.2d 511 (1990).

John does not dispute that he is the father of these seven children. The oldest child was 16 years old at the time of this action.

Our inquiry is limited to whether John failed, neglected, or refused to provide support for his children; whether John had a lawful excuse for such failure; and whether the children are in necessitous circumstances. See *Rupert*, 247 Kan. at 515.

In *Rupert*, the defendant was charged with criminal nonsupport of a child when he paid slightly more than half of his accumulated child support obligation. The Kansas Supreme Court found that substantial evidence existed to show that the defendant failed to provide support. 247 Kan. at 518.

The phrase "without lawful excuse" is equivalent to "without just cause." *State v. Kirkland*, 17 Kan. App. 2d 425, 431, 837 P.2d 846, *rev. denied* 251 Kan. 941 (1992). The term "just cause" as used in the law, means any cause of sufficient import to relieve the defendant, who under the law is charged with the duty of providing for the support and maintenance of his child, from such duty and legal obligation, such as mental incapacity or physical disability of the defendant, rendering him unable to provide for the support and maintenance of such child; or financial conditions which the defendant has honestly, in good faith, endeavored to overcome. See *Kirkland*, 17 Kan. App. 2d at 429.

"Destitute" and "necessitous" mean virtually the same thing. They mean needing the necessaries of life, and the necessaries of life cover not only primitive physical needs, things absolutely indispensable to human existence and decency, but those things also which are in fact necessary to the particular person having the right to demand support and maintenance. *State v. Knetzer*, 3 Kan. App. 2d 673, 674, 600 P.2d 160 (1979). It is no defense to a charge of failure to provide for a minor child that the mother of such child, or any other person or organization, voluntarily or involuntarily furnishes necessary food, clothing, shelter, medical care, or any other remedial care for the child during the period of time the defendant failed to do so. 3 Kan. App. 2d at 674-75. In *Knetzer*, a child was in necessitous circumstances where the defendant's ex-wife worked two jobs in an effort to support her family, yet still had to rely on her family, church, and proceeds from a life insurance policy for assistance. *Knetzer*, 3 Kan. App. 2d at 675.

Mere nonpayment of support, without more, is not enough to convict a person of criminal nonsupport. There must be evidence that the child was in necessitous circumstances. See *State v. Selberg*, 21 Kan. App. 2d 610, 612-13, 904 P.2d 1014 (1995). Where the facts warrant, a child is deemed to be in necessitous circumstances if the child would have been in that condition had he or she not been provided for by someone else. *State v. Sokolaski*, 26 Kan. App. 2d 333, Syl. ¶ 3, 987 P.2d 1130 (1999).

In 1996, the first year after the divorce was final, John's yearly child support obligation was $11,376. John paid $4,923,19. The obligation remained the same in 1997, and John paid $2,179.65. In 1998, at the point of trial, John's child support obligation was $5,688. John paid approximately $325. We believe these numbers show that John failed to provide support for his children. Of course, our inquiry does not end here. We must examine the record on appeal to see if there is substantial competent evidence to support the trial court's decision that John did not have a lawful excuse for his failure to pay support.

In 1994, John earned approximately $24,000. John was still employed at the same job when Denise filed for divorce. John was fired because he embezzled funds from his employer. John then went to work at Hardee's. After 1 month, John went to work for American Mill Work. John then left American Mill Work for Creative Wood Products.

John currently resides in North Carolina. He moved there without securing employment before he moved. John presently works at Home and Hearth and has been there for approximately 14 months. He works only when needed. When he is not working, he cares for his second wife's handicapped daughter. John claims that he cannot work full time because as a cabinetmaker he is not licensed to perform necessary installation work on gas pipes. However, he has not sought work in the field of cabinetmaking. John claimed that there was no law that required him to build cabinets for a living.

The trial court found that while John was likely not capable of earning $50,000 per year, he was capable of working full time. We agree. There is substantial competent evidence in the record on

appeal to show that John is perfectly capable of working more than he is now. John testified that, at one point, he worked overtime. He is not even employed full time at this point. We believe that there is more than sufficient evidence in the record on appeal which shows that John's failure to earn sufficient income is due to his choice to be employed less than full time. This does not qualify as a lawful excuse. See *Kirkland*, 17 Kan. App. 2d at 429.

We finally come to the critical question of whether the children are in necessitous circumstances. In 1997, Denise was employed at a gas station. She worked between 60 and 80 hours per week and relied on her 75-year-old mother to provide child care. Denise now works for the State of Kansas as a legal assistant. Denise's net income is $750 every two weeks. She pays approximately $100 for health insurance for herself and the children.

Denise cannot provide for the children on her income alone. Her furnace malfunctioned a few years ago and her home was without heat. Denise borrowed approximately $5,000 from her mother. Denise is currently attending college. She takes out the maximum amount of student loans in order to help with the children's expenses. Denise received some public assistance but worked to get out of that system. Denise says her family does not eat very well. Denise buys the children's clothing at garage sales or thrift stores.

Denise is currently making payments on the family's mobile home. The basement of the trailer is inhabitable because of water leaks. The children sleep three to a room, with the exception of the oldest, and Denise sleeps on the couch. The roof of the trailer has leaked for 2 years. Denise cannot afford to have it repaired. The bathroom floor is rotten. The kitchen sink is supported by railroad ties and there are no kitchen counters.

We agree with the trial court's finding that the children were in necessitous circumstances. The children are without adequate shelter or food. We believe there is sufficient evidence in the record on appeal to show that the children are in necessitous circumstances.

Most of John's arguments on appeal are directed toward the inaccuracy of the information which went into the calculation of

his child support obligation. That issue is irrelevant to our discussion here. John seems to confuse his common-law obligation to support his children with the obligation imposed by the trial court in the divorce action. John was not prosecuted for failing to pay child support ordered by the divorce court. He was prosecuted and convicted for failing to support his children. The common-law obligation to support the children continues despite John's divorce and any child support orders issued by the divorce court. See *State v. Krumroy*, 22 Kan. App. 2d 794, 798, 923 P.2d 1044, *rev. denied* 260 Kan. 999 (1996). We also note that John was free to petition the trial court for a modification of his child support obligation. He failed to take that step. We reject John's arguments on this matter.

John also claims that he should have been held in civil contempt of court before he was prosecuted for criminal nonsupport of a child. However, this argument is also predicated on the mistaken belief that John's prosecution stems solely from his failure to pay child support. As we have already discussed, John's prosecution stems from his common-law duty to support his children. See *Krumroy*, 22 Kan. App. 2d at 798. Civil contempt would not be an appropriate remedy for John's breach of that common-law duty.

We find there is ample evidence in the record on appeal to support the trial court's decision. John failed to provide support for his children who were in necessitous circumstances. He could not present a lawful excuse to the trial court. We reject John's arguments to the contrary.

Affirmed.