No. 57,899

STATE OF KANSAS, *Appellee,* v. HELEN LOUISE ROBERTS-REID, *Appellant.*

(714 P.2d 971)

Opinion filed February 21, 1986.

*Brett H. Robinson,* of Topeka, argued the cause and was on the briefs for appellant.

*Gene M. Olander,* district attorney, argued the cause, and *C. William Ossmann,* assistant district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Defendant Helen Louise Roberts-Reid appeals her jury trial conviction of making a false writing (K.S.A. 21-3711). The false writing was a financial statement submitted in support of defendant's application for a bank loan. The Court of Appeals reversed the conviction in an unpublished opinion filed September 19, 1985, and the case is before us on petition for review.

The first issue is alleged error by the trial court in failing to define the word "material" contained in the elements instruction.

K.S.A. 21-3711 provides, in relevant part:

"Making a false writing is making or drawing or causing to be made or drawn any written instrument or entry in a book of account with knowledge that such writing falsely states or represents some material matter or is not what it purports to be, and with intent to defraud or induce official action."

The elements instruction herein stated:

"1) That the defendant caused to be made a false financial statement;

"2) That the defendant knew that such financial statement falsely stated or represented some material matter;

"3) That the defendant intended to defraud based upon such financial statement; and

"4) That this act occurred on or about the 2nd day of February, 1982, in Shawnee County, Kansas."

Defendant contends the trial court erred in failing to define the term "material" contained in paragraph 2 of the elements instruction.

K.S.A. 22-3414 provides, in pertinent part:

"No party may assign as error the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection unless the instruction is clearly erroneous."

Defendant did not object to the lack of a definitional instruction on the word "material." The question then becomes whether the failure to define the word "material" was clearly erroneous.

An instruction is clearly erroneous when the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility the jury would have returned a different verdict. *State v. Stafford,* 223 Kan. 62, 65, 573 P.2d 970 (1977). A trial court has a duty to instruct on the law applicable to the case; however, that does not mean the court must define every word or phrase. A term which is widely used or easily comprehended by individuals of common intelligence does not require a defining instruction. *State v. Norris,* 226 Kan. 90, 95, 595 P.2d 1110 (1979).

"Substantial" and "material" were held to be synonymous terms in *State v. Gordon,* 219 Kan. 643, 549 P.2d 886 (1976). In *Lynn v. Taylor,* 7 Kan. App. 2d 369, 371, 642 P.2d 131, *rev. denied* 231 Kan. 801 (1982), the Court of Appeals stated:

"A matter is material if it is one to which a reasonable person would attach importance in determining his choice of action in the transaction in question."

The foregoing definitions give us a "legal" definition of "material." Does this "legal" definition vary from the common, ordinary understanding of the term? We believe not. Webster's New Collegiate Dictionary 709 (1977) defines "material" (for purposes of this case) as meaning: "having real importance or great consequences (*e.g.*) facts [material] to the investigation . . . ."

It is interesting to note that, in his closing argument, defense counsel stated:

"The meat of the State's case has to center around one thing, 'Was it a material statement?' That is, did it make a difference to the loan?"

We conclude the trial court's failure to define the term "material" was not error. Accordingly, we need not determine whether the omission rises to the level of a "clearly erroneous" defect in the instruction.

The second claim of error also relates to the jury instructions. Defendant contends the trial court erred in failing to give an instruction on attempt to make a false writing as a lesser included offense of the charged crime—making a false writing.

Defendant contends she was entitled to such an instruction (although not requested) by virtue of the following evidence. Defendant prepared a financial statement and submitted it to the Fairlawn Plaza State Bank in support of a February 2, 1982, loan application for the purchase of an automobile. The car loan was not approved. The same financial statement was utilized by the bank in granting defendant a $1,500 loan sixteen days later. The crime of making a false writing was completed on February 2, 1982. The crime is to make the false writing with the required intent and it is not necessary that it actually defrauds or induces official action. We conclude this issue is without merit.

The third issue goes to the sufficiency of the evidence relevant to whether the false writing involved a "material matter." We must examine the relevant evidence supporting the conviction in some detail, viewing the same in the light most favorable to the State. See *State v. Douglas*, 230 Kan. 744, 640 P.2d 1259 (1982).

The defendant made application for a loan from the Fairlawn Plaza State Bank in Topeka on February 2, 1982. The loan application stated defendant was in the process of assuming an $85,000 mortgage on a home she had been purchasing with her former fiance and that she had an annual income of $30,000. Defendant listed no other debts. In fact, the *gross* sales from her antique business for the year were only $3,000, and she had unlisted debts in excess of $200,000. Based upon the false financial statement, the Bank loaned money to the defendant. The officer handling the loan testified that a customer's ability to repay the loan is one of the most important factors in determining whether to grant the loan. In making the decision whether or not

to loan money, the officer testified the bank reviewed such factors as:

"length of time that they're at their address, length of employment, what other indebtedness they have, what their income would be as far as being able to repay the debt, and this type of thing."

At trial the bank officer was asked questions about some of the individual unlisted debts of defendant as to whether he would have loaned the money if he had known of that particular debt. His answers were along the lines of "probably not," "could have [altered the decision]," etc.

The Court of Appeals reversed the conviction on the following rationale:

"From our examination of the loan officer's testimony appearing in the record, we are convinced and conclude that on the question of materiality his testimony fails to affirmatively establish that the defendant's false statements or representations were material, that is, were of 'material matter'; they were not affirmatively shown to be materially controlling on the question whether the bank would lend or not lend."

Under the rationale of the Court of Appeals, it is incumbent upon the State to prove that the false statements were not just material but were "materially controlling" on the bank's ultimate action. The loan officer would have had to categorically state words to the effect that had he known the truth he would not have loaned the money. This interpretation greatly narrows the statute. The offense is making a writing containing material false statements with "intent to defraud or induce official action." The crime is complete whether or not anyone is actually defrauded or induced to take any official action. The defendant herein grossly falsified her income and her outstanding indebtedness. It is common knowledge that a customer's income and indebtedness are major considerations in a lending agency's decision relative to whether or not to loan the customer money. The bank officer so testified. As the bank officer testified further, the ultimate decision of whether or not to loan money is based substantially on ability to repay the loan. There was ample evidence to convince a rational factfinder that said representations as to outstanding debts and current income were false statements on material matters intended to defraud. We conclude this issue is without merit.

For her fourth issue defendant contends the sentence imposed constitutes an abuse of trial court discretion.

The crime of making a false writing (K.S.A. 21-3711) is a Class D felony. The sentence imposed herein was not less than one year nor more than ten years' imprisonment and, accordingly, was within the legally permissible limits.

The general rule, as iterated in *State v. Coberly*, 233 Kan. 100, Syl. ¶ 5, 661 P.2d 383 (1983), is:

"A sentence imposed by a trial court will not be disturbed on appeal provided it is within the limits prescribed by law and within the realm of discretion on the part of the trial court, and the sentence is not the result of partiality, prejudice, oppression or corrupt motive."

No claim of partiality, prejudice, oppression or corrupt motive is made. The trial court did not make specific findings relative to each of the sentencing criteria set forth in K.S.A. 21-4606. The journal entry filed by the trial court provides in part:

"Having considered the information offered relevant to the question of sentencing, having reviewed the Court's file and the presentence investigation report, having heard evidence presented and the arguments and statements of counsel, having reviewed the criteria for fixing minimum terms as set out in K.S.A. 21-4506, and having been otherwise fully and duly advised in the matter, the Court finds and concludes as follows . . . ."

The sentence imposed was for the minimum legally permissible period of incarceration. Defendant contends she should have been placed on probation rather than sentenced to any term of imprisonment. We have carefully reviewed the record and find no abuse of discretion relative to sentencing.

The judgment of the district court is affirmed; the judgment of the Court of Appeals is reversed.