NOT DESIGNATED FOR PUBLICATION

No. 114,640

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBIN LEIGH HANKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; CHARLES M. HART, judge. Opinion filed September 2, 2016.
Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Brett Sweeney*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MCANANY and GARDNER, JJ.

*Per Curiam*:  Robin Leigh Hanks appeals from her convictions for possession of methamphetamine and possession of drug paraphernalia.

*Facts*

Hanks' convictions arose from an incident in which she entered the home of Ravin and Alan Young. An altercation involving the three of them followed. Ravin called the police. When the police arrived they told Hanks to step away from Alan. When she refused to do so, the officer forcefully moved Hanks away from Alan and restrained her.

1

The officer then conducted a pat-down search of Hanks incident to her arrest. The search yielded an improvised marijuana pipe and a baggy containing methamphetamine.

Hanks was charged with possession of methamphetamine, battery, possession of drug paraphernalia, and criminal trespass. At the jury trial that followed, the district court instructed the jury as follows on the charge of possession of methamphetamine:

"In Count One, the defendant, Robin Leigh Hanks, is charged with unlawfully possessing methamphetamine. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1.    The defendant possessed methamphetamine.

"2.    This act occurred on or about the 28th day of May, 2014, in Butler County, Kansas.

"'Possession' means having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control."

The district court instructed the jury as follows on the charge of possession of drug paraphernalia:

"In Count Three, the defendant, Robin Leigh Hanks, is charged with unlawfully possessing with intent to use drug paraphernalia. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

"1.    The defendant possessed with the intent to use a pipe as drug paraphernalia to store, contain, conceal, inject, ingest, inhale or otherwise introduce methamphetamine and/or marijuana (THC) into the human body.

"2.    This act occurred on or about the 28th day of May, 2014, in Butler County, Kansas.

"'Possession' means having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control."

Neither party objected to the court's proposed instructions, and neither party proffered any other instructions related to these charges.

The jury found Hanks guilty of possession of methamphetamine and possession of drug paraphernalia and not guilty of battery and criminal trespass. The court sentenced Hanks to a 13-month prison term and a concurrent 12-month jail term but granted probation for 12 months in lieu of incarceration.

Hanks appeals, arguing that the district court committed clear error when it failed to instruct the jury on the applicable culpable mental states for the crimes of possession of methamphetamine and possession of drug paraphernalia.

*Review Standards*

In considering these claims we have unlimited review over whether these instructions were legally appropriate. We then consider whether there was sufficient evidence to support giving these instructions. Finally, if these instructions were given in error, we must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). See *State v. Woods*, 301 Kan. 852, 876, 348 P.3d 583 (2015); see also K.S.A. 2015 Supp. 22-3414(3).

Because Hanks did not object to these instructions at trial, if they were given in error we will reverse only if we are firmly convinced the jury would have arrived at a verdict more favorable to Hanks without the error. See *State v. Clay*, 300 Kan. 401, 408, 329 P.3d 484 (2014). In making this determination we must review the impact of the erroneous instructions in light of the entire record, including the other instructions and counsel's arguments. See *In re Care & Treatment of Thomas*, 301 Kan. 841, 849, 348 P.3d 576 (2015). We will not reverse if the evidence supporting these convictions was

overwhelming. Hanks has the burden to prove that she was prejudiced by the giving of these instructions. See *State v. Betancourt*, 299 Kan. 131, 135-36, 322 P.3d 353 (2014).

The trial court must define an offense charged in the jury instructions, either in the language of the statute or in appropriate and accurate language of the court. In doing so, the trial court must inform the jury of every essential element of the crime that is charged. *State v. Richardson*, 290 Kan. 176, 181, 224 P.3d 553 (2010).

*Possession of Methamphetamine*

Hanks contends K.S.A. 2015 Supp. 21-5706(a), which defines possession of a controlled substance, does not prescribe a particular culpable mental state. Therefore, she argues, K.S.A. 2015 Supp. 21-5202(d) required the trial court to instruct the jury that the crime of possession of methamphetamine must be committed with a culpable mental state. "If the definition of a crime does not prescribe a culpable mental state, but one is nevertheless required under subsection (d), 'intent,' 'knowledge' or 'recklessness' suffices to establish criminal responsibility." K.S.A. 2015 Supp. 21-5202(e).

Our examination of the applicable statutes requires us to determine the legislature's intent by considering the words it used in enacting the statute, giving common words used in the statute their ordinary meanings. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). When a statute is plain and unambiguous, we do not need to apply the rules of construction or to delve into legislative history in order to determine what the legislature intended to express in enacting the statute. We simply read the clear words of the statute. In doing so, we refrain from reading something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014).

4

With the recodification of the Kansas Criminal Code, the general rule is that a culpable mental state is an essential element of every crime. K.S.A. 2015 Supp. 21-5202(a). But a culpable mental state is not required if the definition of a crime dispenses with any mental element. K.S.A. 2015 Supp. 21-5202(d). Likewise, under K.S.A. 2015 Supp. 21-5203(b) no culpable mental state is required if the crime is a felony and "the statute defining the crime clearly indicates a legislative purpose to impose absolute liability for the conduct described."

Hanks argues: "Nowhere in those instructions was the jury told that the crime of possession of methamphetamine had to be committed intentionally, knowingly, or recklessly." But Hanks ignores the clear language of the instruction defining the mental state required for possession.

Hanks was convicted of possession of methamphetamine under K.S.A. 2015 Supp. 21-5706(a), which provides: "It shall be unlawful for any person to possess any opiates, opium or narcotic drugs, or any stimulant designated in subsection (d)(1), (d)(3) or (f)(1) of K.S.A. 65-4170, and amendments thereto, or a controlled substance analog thereof." K.S.A. 2015 Supp. 65-4107(d)(3) designates methamphetamine as an illegal stimulant. Standing alone, K.S.A. 2015 Supp. 21-5706(a) does not identify a culpable mental state. But in K.S.A. 2015 Supp. 21-5701(q), the introductory statute in Article 57 dealing with crimes involving controlled substances, the term "possession" as used in Article 57 is defined so as to include having control over an item with "knowledge of and intent to have such control." Reading these statutes together, as we are required to do, K.S.A. 2015 Supp. 21-5706(a) and K.S.A. 2015 Supp. 21-5701(q) predicate Hanks' conviction upon a showing that she possessed the methamphetamine knowing that she had control over it and intending to exercise such control.

Quoting K.S.A. 2015 Supp. 21-5706(a) and K.S.A. 2015 Supp. 21-5701(q) directly, the court's instruction defined the crime of possessing the methamphetamine as

5

"having joint or exclusive control over [it] with knowledge of and the intent to have such control or knowingly keeping [it] in a place where [she] has some measure of access and right of control." The court's instruction on possession of methamphetamine identified the culpable mental states needed to support a conviction.

Hanks relies on one of our court's unpublished opinions, *State v. Olivares*, No. 110,313, 2014 WL 6676063 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1018 (2015). *Olivares* involved a defendant convicted of aggravated escape from custody. The jury instruction defining this crime defined "escape" as "'departure from custody without lawful authority or failure to return to custody following temporary leave lawfully granted pursuant to express authorization of law or order of a court.'" 2014 WL 6676063, at *4-5. But this definition included no reference to a culpable mental state.

The pattern instruction recommended by the PIK committee for aggravated escape from custody required the State to prove that the defendant acted intentionally, knowingly, or recklessly. The *Olivares* court noted that the trial court was required to instruct on the culpable mental state necessary for conviction unless the statutory definition of the offense "'plainly dispenses with any mental element.'" 2014 WL 6676063, at *5 (quoting K.S.A. 2011 Supp. 21-5202[d]). The court concluded this exception did not apply and the trial court erred in not including a culpable mental state requirement in the instruction.

*Olivares* clearly does not apply. There, no culpable mental state was identified for the crime of aggravated escape from custody. In our present case we have in the Criminal Code the definition of the term "possession" used in the statute defining the crime. That definition of "possession" provides the applicable culpable mental state. The court quoted that definition verbatim in the jury instruction. There was no error in this instruction.

6

Hanks also argues that "nowhere in those instructions was the jury given the required definitions of intentional, knowing, or reckless." The fact that the court's instructions used the words "intent" and "knowingly" without defining them does not render the instructions defective. In general, jurors are "expected to decipher many difficult phrases without receiving specific definitions." *State v. Robinson*, 261 Kan. 865, 877, 934 P.2d 38 (1997). The trial court should define words in an instruction only if the instructions as a whole would otherwise mislead the jury or cause it to speculate. *State v. Armstrong*, 299 Kan. 405, 440, 324 P.3d 1052 (2014). The trial court is not required to define for the jury widely used words or those readily comprehensible by individuals of common intelligence. 299 Kan. at 440; *State v. Roberts-Reid*, 238 Kan. 788, 789, 714 P.2d 971 (1986). The test to determine if the trial court is required to define a legal term in the jury instructions rests on whether the common lay definition of the term differs from the legal definition of the term. *State v. Patton*, 33 Kan. App. 2d 391, 397, 102 P.3d 1195 (2004), *rev. denied* 279 Kan. 1009 (2005).

In *State v. Morehead*, No. 97,960, 2008 WL 2510576 (Kan. App.) (unpublished opinion), *rev. denied* 287 Kan. 768 (2008), a panel of this court considered whether the trial court should have defined for the jury the words intentional and reckless. The *Morehead* court held a jury could not reasonably have been misled or confused by these words. "Both 'intentional' and 'reckless' are widely used terms which are readily comprehensible and need no further defining instruction. Moreover, the commonly understood definitions of 'intentional' and 'reckless' are similar to the legal definitions of the terms." 2008 WL 2510576, at *5.

The legislature's definitions of the terms "knowingly," "reckless," and "with intent" found in K.S.A. 2015 Supp. 21-5202, do not differ from the dictionary definitions of those words or from how those words are used by nonlawyers in their everyday conversations. See Webster's II New College Dictionary 576, 610, and 926 (1995). They

did not need to be defined in the instructions. Further, there is no evidence to suggest that the *Hanks* jury was misled or forced to speculate about the meaning of these terms.

Hanks has the burden of proving error. Her burden includes the obligation to show prejudice to avoid an error in a jury instruction being characterized as harmless. Even if the trial court should have defined a term in an instruction but failed to do so, the error would not have been a constitutional error. See *Patton*, 33 Kan. App. 2d at 394. Thus, our standard for measuring harmlessness is whether we are firmly convinced the jury would not have reached a different verdict had the word in the instruction been defined. See *Clay*, 300 Kan. at 408. Here, the evidence against Hanks was overwhelming. We are satisfied that the wording of this instruction had no impact on the ultimate verdict of the jury on this charge. So even if Hanks had been successful in arguing that the court should have defined these terms, the error would have been harmless.

*Possession of Drug Paraphernalia*

Hanks makes a similar argument regarding the jury instruction on the charge of possession of drug paraphernalia. That instruction required the State to prove:

"1.     The defendant possessed with the intent to use a pipe as drug paraphernalia to store, contain, conceal, inject, ingest, inhale or otherwise introduce methamphetamine and/or marijuana (THC) into the human body.
"2.     This act occurred on or about the 28th day of May, 2014, in Butler County, Kansas.
        "'Possession' means having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control."

The underlying statute, K.S.A. 2015 Supp. 21-5709(b)(2), specifies the elements of the crime as follows: "It shall be unlawful for any person to . . . possess *with intent to use* any drug paraphernalia to . . . store, contain, conceal, inject, ingest, inhale or otherwise introduce a controlled substance into the human body." (Emphasis added.) The plain language of K.S.A. 2015 Supp. 21-5709(b)(2) requires a defendant to have *intended* to use the drug paraphernalia. On its face, this is the only culpable mental state required for a conviction. Here, the pipe the police took from Hanks smelled of burnt marijuana. The KBI later identified the residue found in the pipe as THC, which is found in marijuana.

The culpable mental state identified in the statute was included in the trial court's instruction. The inclusion of "with intent to use" in the jury instruction forecloses any requirement of an additional culpable mental state as an element of this crime. As stated in K.S.A. 2015 Supp. 21-5202(g):

> "If the definition of a crime prescribes a culpable mental state with regard to a particular element or elements of that crime, the prescribed culpable mental state shall be required only as to specified element or elements, and a culpable mental state shall not be required as to any other element of the crime unless otherwise provided."

The only culpable mental state the legislature identified for this crime was possessing the paraphernalia with the intent to use it. Thus, we conclude that consistent with K.S.A. 2015 Supp. 21-5202(g) no other mental state was needed to support a conviction. Because this mental state was clearly identified for the jury, we find no error in this jury instruction.

Affirmed.